Ernest CUMMINGS, for Himself and for All Other Taxpayers in the Pendleton County School District Similarly Situated, Appellant,

v.

**PENDLETON COUNTY BOARD OF EDUCATION et al., Appellees.**

Court of Appeals of Kentucky.

June 21, 1957.

Rehearing Denied Oct. 18, 1957.

C. S. Landrum, Lexington, P. M. Lanier, Louisville, H. B. Best, Falmouth, for appellant.

C. W. Grafton, Louisville, C. Harold Ewing, Falmouth, for appellees.

CAMMACK, Judge.

At an election held on May 29, 1956, the voters of the Pendleton County School District approved a special school building fund tax under KRS 160.477. A taxpayers' suit then was brought by one Ernest Cummings, questioning the validity of the election on the ground that the order of the fiscal court calling the election did not meet the requirements of KRS 67.100 which prescribes the formalities for fiscal court orders. The circuit court held the election valid, and Cummings has appealed.

At a regular session of the fiscal court held on May 10, 1956, a formal typewritten order, calling the election, was submitted to the court for adoption. The order was discussed, voted on, approved, and before the meeting adjourned was signed by the county judge and attested by the clerk. The closing paragraph of the order recited:

"Adopted by the Fiscal Court of Pendleton County, Kentucky, at a meeting held on the 10th day of May, 1956, and on this same occasion signed by the County Judge as evidence of his approval and declared to be in full force and effect."

The signed order was delivered to the clerk for entry upon the regular order book of the fiscal court, and the next day he did enter it in full upon the order book, but without copying the judge's signature. However, the order book was not signed by the county judge in the presence of the fiscal court until August 11, some three months after the election was held. It is the contention of the appellant that the order was of no effect until the order book was signed, and that the subsequent signing could not validate the order nunc pro tunc.

The statute governing fiscal court orders, KRS 67.100, is as follows:

"(1) The fiscal court is a court of record.

"(2) Before each adjournment, the minutes of the proceedings of the fiscal court shall be publicly read by the clerk of the court, and corrected if necessary, and shall be signed by the presiding judge, with the approval of the justices of the peace or county commissioners who were present when the court was held.

"(3) No minute or order of the fiscal court shall be valid until read and signed as required by subsection (2), nor unless the record shows by whom the court was held."

While it is customary for fiscal courts to use order books, it will be observed that the statute does not require the keeping of an order book, but only that orders be read and signed in the presence of the members of the court. We think it is within the contemplation of the statute, particularly in view of the wording of subsection (3), that individual orders may be separately signed, and it is not necessary that the record of all proceedings of a session be cumulated and signed as a single unit.

The order here in question was read and signed in the presence of the members of the fiscal court; however, it did not recite the names of the persons by whom the court was held, as required by the last clause of subsection (3) of the statute. To that extent only was there a failure to comply with the statute. The question then arises as to whether the subsequent signing of the order book, in which was set forth the names of the persons by whom the court was held on the day the order was approved, can have the effect of supplying the omission so as to make the order valid as of the date it was approved.

There are sound reasons why the *actions* of a fiscal court should not be deemed to speak as of a particular date unless a formal record of the action was made on that date. See Vansant v. Watson, 230 Ky. 316, 19 S.W.2d 994. However, as we view it, the question of who was present is a tangible *circumstance,* and no abuse could result from permitting the record of this circumstance to be supplied at a subsequent time.

It is our opinion that when the order book, setting forth the names of the persons who held the fiscal court on May 10, was eventually signed on August 11, the result was a satisfactory record of completed action taken on May 10, and the action properly may be considered to speak as of that date.

The judgment is affirmed.