**GRAVES COUNTY PUBLIC LIBRARY DISTRICT BOARD OF TRUSTEES et al., etc., Appellants,**

v.

**GRAVES COUNTY FISCAL COURT et al., etc., Appellees.**

Court of Appeals of Kentucky.

March 3, 1972.

As Modified on Denial of Rehearing May 12, 1972.

the library district filed an appeal from that resolution in the Graves Circuit Court. The circuit court entered judgment dismissing the attempted appeal on the ground that it had not been taken within 30 days as required by CR 72.02, the court being of the opinion that the date the resolution was undertaken to be adopted was the "date judgment is rendered" within the meaning of CR 72.02. The board of trustees has appealed to this court from that judgment.

A copy of the resolution, preceded by appropriate recitations of the convening of the fiscal court on May 18, 1971, the roll of those present (which was all members), and the motion for and approval of the resolution, was entered in the *order book* of the fiscal court and it was signed by the county judge (not in the presence of the other members) on May 21, 1971. The primary contention of the appellant board of trustees is that for the purposes of *appeal* the resolution was not "rendered", within the meaning of CR 72.02, until the order book was signed, and therefore the appeal filed on June 21 was in time (June 19 and 20 being a Saturday and a Sunday).

The requirements for adoption of fiscal court orders or resolutions are set forth in KRS 67.100, as follows:

"(1) The fiscal court is a court of record.

(2) Before each adjournment, the minutes of the proceedings of the fiscal court shall be publicly read by the clerk of the court, and corrected if necessary, and shall be signed by the presiding judge, with the approval of the justices of the peace or county commissioners who were present when the court was held.

(3) No minute or order of the fiscal court shall be valid until read and signed as required by subsection (2), *nor unless the record shows by whom the court was held.* (our emphasis)"

Farland Robbins, Robbins & Robbins, Mayfield, for appellants.

Benjamin Lookofsky, Mayfield, for appellees.

CULLEN, Commissioner.

On May 18, 1971, the Graves County Fiscal Court undertook to adopt a resolution, under KRS 173.800, dissolving the Graves County Public Library District. On June 21, 1971, the board of trustees of

It was stipulated in the instant case that the resolution in question was a "loose leaf

page" and that it was read and signed on May 18, 1971, by the county judge in the presence of the fiscal court during the meeting and before adjournment. However, there was no stipulation that the record showed by whom the court was held, as required by KRS 67.100(3), and the admitted fact is that the record did *not* show by whom the court was held. The only record made and signed on May 18 was the *text* of the resolution, with no preliminary recitations. Accordingly, the statute was not fully complied with in the attempted adoption of the resolution. The circuit court held, however, that under the decision in Cummings v. Pendleton County Board of Education, Ky., 305 S. W.2d 314, the resolution was validated *as of the date of attempted adoption* by virtue of the subsequent signing of the *order book* in which were shown the persons by whom the court was held.

The factual situation in *Cummings* was comparable to that in the instant case, with one distinction. The order there, as here, was adopted in full compliance with KRS 67.100 except for the failure of the record to recite the names of the persons by whom the court was held. There, as here, the county judge subsequently signed the *order book* in which the names of the persons by whom the court was held were set forth. The only distinction is that in *Cummings* the judge signed the order book in the presence of the other members of the fiscal court, whereas in the instant case the judge signed out of the presence of the other members.

The holding in *Cummings* was that the signing of the order book, which set forth the names of the persons who held the fiscal court on the day the order was adopted, May 10, made "a satisfactory record of completed action taken on May 10, and the action properly may be considered to speak as of that date." The court said that "the question of who was present is a tangible *circumstance,* and no abuse could result from permitting the record of this circumstance to be supplied at a subsequent time."

It is our opinion that although in the instant case the county judge signed the order book out of the presence of the other members of the fiscal court, whereas in *Cummings* the signing was done in the presence of the other members, the signing here may nevertheless be considered validly to have supplied the record of the "circumstance" of what members were present when the resolution was signed. It will be noted that the requirement of KRS 67.100(3) is that the "record" show by whom the court was held, and although the statute requires that a "minute or order" must be read and signed in the presence of the members in order to be valid, it does not make the same requirement as to the "record."

As pointed out in *Cummings,* fiscal courts are not required by statute to keep order books as distinguished from the minutes required by KRS 67.100. And this court has held consistently that an order book, when kept, is not a substitute for compliance with KRS 67.100, in that signing the order book, after adjournment, will not validate an order or resolution that was not read and signed before adjournment in conformance with KRS 67.100. See Vansant v. Watson, 230 Ky. 316, 19 S.W.2d 994; Howard v. Howard, 236 Ky. 557, 33 S.W.2d 635; Harlan County v. Howard, 246 Ky. 791, 56 S.W.2d 365. But, as held in *Cummings,* the order book may supply the *record* called for in KRS 67.100(3), so as to evidence compliance with the requirements for valid action. The statute does not require that this record be made in the presence of the members of the fiscal court.

Our initial conclusion is, then, that there was no failure to comply with KRS 67.100 in the adoption of the resolution here in question. However, in *Cummings* it was held that the subsequent making of the record of who was present on the day the resolution in that case was adopted made the resolution *effective* as of the date it was *adopted,* to the extent that "the action properly may be considered to speak as of

that date." It is our opinion that this holding cannot reasonably be extended to make a resolution retrospectively effective for *appeal* purposes.

▮ Until the record required by KRS 67.100 is made the resolution is an incompleted act and not appealable. If upon the subsequent completion of the requirements the resolution is to be considered effective for *appeal purposes* as of the date of original adoption, the appeal time will be reduced or perhaps completely wiped out. To avoid that result, we think that for *appeal-time purposes* the effective date of a resolution must be the date on which the requirements of KRS 67.100 are *completed.*

Our ultimate conclusion is, then, that the appeal in the instant case was timely and the circuit court erred in dismissing the appeal. On remand of the case the circuit court will set aside the order of dismissal and entertain the appeal on its merits (as to which we express no opinion except as to the compliance with KRS 67.100).

The judgment is reversed with directions for further proceedings in conformity with this opinion.

All concur.