TRI–COUNTY NATIONAL BANK, Appellant,

v.

GREENPOINT CREDIT, LLC, Appellee.

No. 2005–CA–000013–MR.

Court of Appeals of Kentucky.

April 7, 2006.

Mary Ann Smyth Rush, Corbin, KY, for appellant.

Travis W. Calvert, Bowling Green, KY, for appellee.

Before McANULTY, SCHRODER, and VANMETER, Judges.

## OPINION

VANMETER, Judge.

Tri–County National Bank (Tri–County) appeals from an order entered by the

Knox Circuit Court granting summary judgment in favor of appellee GreenPoint Credit, Inc. (GreenPoint). For the reasons stated hereafter, we affirm.

GreenPoint held a security interest in a mobile home which was owned by Rosetta Lunsford and insured by Kentucky Farm Bureau Mutual Insurance Company (Farm Bureau). About a month after the mobile home was destroyed by fire in November 2002, Farm Bureau issued a reimbursement check in the amount of $16,601.06 which was payable to both Lunsford and GreenPoint. Although GreenPoint never indorsed the check, it was negotiated by Tri–County after Lunsford indorsed and presented the check to Tri–County for payment. In June 2004 GreenPoint filed this action, stating that Tri–County had "converted the check in violation of KRS 355.3–420 due to GreenPoint's lack of endorsement on the check," and seeking recovery of the check's face value plus interest. Eventually, the trial court granted GreenPoint's motion for summary judgment, noting that Tri–County had admitted that it negotiated the check with only one of the required indorsements, and rejecting Tri–County's claim that GreenPoint had failed to name an indispensable party. This appeal followed.

Under KRS 355.3–110(4), "[i]f an instrument is payable to two (2) or more persons not alternatively, it is payable to all of them and may be negotiated, discharged, or enforced only by all of them." In this instance, the check which was payable to "Rosetta Lunsford and Greenpoint Credit" was required to be indorsed by both in order to be negotiated.[1] Because the check was delivered to co-payee Lunsford, and it was negotiated without GreenPoint's indorsement, the trial court correctly concluded that GreenPoint had a cause of action against Tri–County for conversion under KRS 355.3–420.[2]

Notwithstanding this clear statement of liability, Tri–County argues on appeal that Farm Bureau, as the drawer of the check, and Republic Bank, as the payor bank, were indispensable parties to the action that GreenPoint failed to name as defendants. However, as correctly pointed out by GreenPoint, the party who believes an indispensable party should be joined has the obligation of filing an appropriate motion or other pleading with the trial court in an attempt to join that party.[3]

---

1. David Leibson and Richard Nowka, *The Uniform Commercial Code of Kentucky* § 4.06[1][b][v] (3rd ed.2004).

2. *Id.* KRS § 355.3–420, in relevant part, states:

(1) The law applicable to conversion of personal property applies to instruments. An instrument is also converted if it is taken by transfer, other than a negotiation, from a person not entitled to enforce the instrument or a bank makes or obtains payment with respect to the instrument for a person not entitled to enforce the instrument or receive payment. An action for conversion of an instrument may not be brought by: (a) The issuer or acceptor of the instrument; or

(b) A payee or indorsee who did not receive delivery of the instrument either directly or through delivery to an agent or a co-payee. (2) In an action under subsection (1) of this section, the measure of liability is presumed to be the amount payable on the instrument, but recovery may not exceed the amount of the plaintiff's interest in the instrument.

3. *Cabinet for Human Resources v. Kentucky State Personnel Bd.*, 846 S.W.2d 711, 714 (Ky. App.1992)(court holding that "[w]hen one litigant believes there to be an indispensable party it should request the court to order joinder by the simple expedient of filing a motion. If the court concurs then service of process shall issue, but in any event, it should be accomplished by a pleading or motion and a brief is neither. CR 7.01. Therefore, appel-

Because Tri–County failed to file such a motion, this issue is not subject to appellate review.

■ Finally, Tri–County argues that GreenPoint's claim should be barred because of its delay of eighteen months between Lunsford's December 2002 delivery of the check to Tri–County, and the June 2004 filing of the lawsuit. Tri–County's rationale is that this period constituted an unreasonable delay in GreenPoint's making a claim for Tri–County's breach of any warranties under KRS 355.4–207. The short answer to this argument is that GreenPoint's claim is for conversion, rather than the breach of any warranties that Tri–County made to subsequent collecting banks. KRS 355.4–207(1) establishes five transfer warranties from collecting banks. Statutorily, however, these warranties run from "a customer or collecting bank" to "the transferee and to any subsequent collecting bank[.]"[4] As GreenPoint's status with respect to the check was as a co-payee,[5] and not as a transferee or collecting bank, the notice provision of KRS 355.4–207(4), that a claimant give the warrantor notice of a claim of breach of warranty within thirty days, is inapplicable.[6]

■ Under KRS 355.3–118(7), an action for conversion of an instrument "must be commenced within three (3) years after the claim for relief accrues." In this instance, GreenPoint's action was timely filed as it was filed within eighteen months. The trial court did not err in granting summary judgment in favor of GreenPoint.

The judgment of the Knox Circuit Court is affirmed.

ALL CONCUR.

---

lant did not preserve the issue in the trial court.")

4.  KRS 355.4–207(1).

5.  As noted by Professors Leibson and Nowka, "[t]he importance of understanding the parties to a negotiable instrument cannot be overstated." David Leibson and Richard

Nowka, *The Uniform Commercial Code of Kentucky* § 4.02 (3rd ed.2004).

6.  Tri–County's reliance on *Phoenix Assurance Co. v. Davis*, 126 N.J.Super. 379, 314 A.2d 615 (1974), is similarly misplaced. In that action, the issues involved the rights and liabilities between various drawee and collecting banks with respect to a missing signature.