NELSON COUNTY BOARD OF EDUCATION, Appellant,

v.

Gene A. FORTE, Individually; Gene A. Forte, as Administrator of the Estate of Carole Forte; and Kentucky Board of Claims, Appellees.

Gene A. Forte, Appellant,

v.

Nelson County School District, Appellee.

Nos. 2009–SC–000715–DG, 2010–SC–000149–DG.

Supreme Court of Kentucky.

April 21, 2011.

618

Charles Harding Cassis, Aaron John Siletto, Goldberg & Simpson, LLC, Prospect, KY, Counsel for Appellant/Appellee, Nelson County Board of Education; and Nelson County School District.

Larry D. Raikes, Fulton, Hubbard & Hubbard, Bardstown, KY, Counsel for Appellant/Appellees, Gene A. Forte, Individually; Gene A. Forte, as Administrator of the Estate of Carole Forte.

George Mitchell Mattingly, Legal Counsel, Board of Claims, Frankfort, KY, Counsel for Appellee, Kentucky Board of Claims.

Opinion of the Court by Justice
NOBLE.

These two appeals arise out of an accident in Nelson County that took the life of a school teacher on school grounds. The teacher's husband, Gene A. Forte, first filed a tort claim in the Nelson Circuit Court against the Nelson County Board of Education. While that action was pending, he started a claim at the Board of Claims. Upon the conclusion of both actions, appeals were taken. This Court granted discretionary review of both actions and consolidated them.

The first case before this Court, No. 2009–SC–000715–DG, is the appeal of the Board of Claims action. The Board dismissed the claim brought by Gene A. Forte, Appellee, against the Nelson County Board of Education, Appellant, as barred by the statute of limitations. Mr. Forte sought review of that order in the Nelson Circuit Court, arguing that the Board of Claims had acted outside its jurisdiction in dismissing his claim with prejudice. The Nelson Circuit Court held that the action was properly before the Board of Claims because of the savings statute, KRS 413.270, and remanded for appropriate action. The Court of Appeals agreed with the Nelson Circuit Court. This Court granted discretionary review, partly to decide the statute of limitations question but also to settle the question of primacy of jurisdiction between a circuit court and the Board of Claims when a governmental agency is the named party. This Court concludes that the Board of Claims action was premature, but not barred by the statute of limitations, and therefore reverses the Court of Appeals on its ultimate conclusion, but agrees with much of its legal reasoning, and orders that Mr. Forte be allowed to refile his action in the future.

The other case, No. 2010–SC–000149–DG, is the direct appeal of the underlying tort action that began the sequence of events raised in the previous case. The trial court granted summary judgment to the Nelson County Board of Education on the question of governmental immunity. The Court of Appeals dismissed the appeal for Mr. Forte's failure to join a necessary party, as he had named the Nelson County School District rather than the Nelson County School Board.

Though this Court has consolidated the actions, since they share a common source, that they proceeded through different procedural tracks (an administrative action

versus civil action) makes addressing them simultaneously a difficult proposition. For that reason, the two cases are addressed separately in turn below.

## I. The Board of Claims Action: Case No.2009–SC–000715–DG

### A. Background

This action makes its way to the Court through a somewhat circuitous path. Tragically, Carole Forte, who taught elementary school in the Nelson County Public School System was killed as she was leaving the school grounds when an unsecured pole gate was blown by the wind into her car and struck her in the head. Her husband, Gene Forte, was appointed to act as administrator of her estate, and he filed a wrongful death tort action in Nelson Circuit Court in 2007, alleging negligence on the part of the Nelson County Board of Education in performing its responsibilities to see that the gate operated properly.

Being aware of the Board of Education's defense of governmental immunity, Forte then filed a "protective" claim in the Board of Claims raising the same issues brought in the tort action in Nelson Circuit Court. At the same time, he filed a motion asking the Board of Claims to hold the action in abeyance until the circuit court could rule on the immunity issue. The Board of Education responded by asserting that the Board of Claims had exclusive jurisdiction and that the action was time-barred, and asking for dismissal with prejudice. On August 1, 2008, the Board of Claims denied Appellee's motion, and granted the Board of Education's motion to dismiss with prejudice based on the statute of limitations, KRS 44.110(1).

Forte then filed a new action in Nelson Circuit Court for review of the Board of Claims order, claiming that the Board did not have personal or subject matter jurisdiction when it entered its order, and that the order should be set aside. Before a response was filed, Forte filed a supplemental memorandum which specifically raised the "saving statute," KRS 413.270. The Board of Education responded, making essentially the same arguments it had made to the Board of Claims. On October 15, 2008, the Nelson Circuit Court entered an opinion vacating the Board of Claims order based on the saving statute, and remanding to the Board of Claims for a decision on the motion to hold in abeyance. The next day, the Board of Education appealed to the Court of Appeals, which affirmed the trial court.

Interestingly, on August 7, 2009, the Nelson Circuit Court granted summary judgment to the Board of Education on the basis of governmental immunity.

### B. Analysis

This case, then, appears to present the question whether it is proper to dismiss as untimely an action filed at the Board of Claims outside the statute of limitations period while a timely filed civil action concerning the same cause of action is still pending at the circuit court. Specifically, the case raises the question whether the savings statute, KRS 413.270, works to toll the statute of limitations and therefore makes the action before the Board timely.

This question, however, results from incorrect suppositions that the Board is the proper forum to decide questions of immunity in the first instance, and that actions may be filed simultaneously at the Board and circuit court. If the Board was not yet the proper forum, that is, if it did not actually have jurisdiction over the claim *at that time*, then its decision about the statute of limitations was premature, since it instead should have dismissed the claim for lack of jurisdiction. And if the circuit

court properly had jurisdiction to decide the question of immunity, then Forte's action at the Board was also premature, which means he may still be able to take advantage of the savings statute.

■ Whether Forte's action at the Board was barred by the statute of limitations, then, actually depends on whether the Board has the jurisdiction to hear and decide a claim before the question of a state actor's immunity has been decided by a circuit court.

Although this Court has previously addressed this question in the oft-quoted case of *Yanero v. Davis,* 65 S.W.3d 510 (Ky.2002), there apparently remains some confusion over where an action must be commenced when a governmental entity is a named defendant. Unlike this case, the governmental entity is often one among many defendants named in an action. Because the Board of Claims Act clearly states that the Board has primary and exclusive jurisdiction over actions brought against the state and its various agencies, *see* KRS 44.073(2)–(3), and bars the filing of any action against the state in any other court or forum until the Board determines that it has no jurisdiction, see KRS 44.073(5), an easy assumption can be made that any *governmental* entity can only be claimed against in the Board of Claims. The statute even goes so far as to state that no action against the state or its agencies may be brought in any court or forum except the Board, KRS 44.073(8).

■ Yet, as Justice Cooper pointed out in *Yanero,* the exclusive and primary jurisdiction the legislature granted the Board of Claims over negligence actions may extend only to cases where the defendant has immunity. *Yanero,* 65 S.W.3d at 525. This is because the Act does not *create* immunity; it can (and does) only *waive* pre-existing immunity. *Id.* Thus, *Yanero* held that any attempt to deprive the cir-

cuit courts of this Commonwealth of the power to decide the initial question of an entity's immunity, which was treated as a jurisdictional bar, was necessarily unconstitutional. *Id.* In that case, the question of immunity turned on whether functions performed by the state agency were *governmental* or *proprietary.* If the agency was engaging in *governmental* functions, then it enjoyed immunity and a claim could be brought at the Board. If the agency is engaging in *proprietary* functions, it does not enjoy immunity and a claim could proceed in the circuit court.

Thus, in the first instance, there is a question as to whether an agency is properly before the Board of Claims.

As to public officers and employees, if the acts complained of are performed by the official or employee in the exercise of his discretionary governmental functions, then he enjoys official immunity if sued in his official capacity. *Id.* If sued individually, and he is acting in a discretionary manner, in good faith, and within the scope of his employment, then he enjoys qualified official immunity. In both instances, such claims can only be prosecuted to completion in the Board of Claims. Although no officials or public employees were named in the tort action or the Board of Claims action in this case, they often are part of such suits, and when they are named, present a second question that must be answered before the Board of Claims has jurisdiction.

■ But it has always been the case that the negligent performance of a ministerial act by an official or employee enjoys *no* immunity, and a governmental agency enjoys no immunity if it is performing a proprietary, rather than governmental, function. *See Autry v. Western Kentucky University,* 219 S.W.3d 713 (Ky.2007). As this Court held in *Yanero,* to the extent

that the Board of Claims Act sets exclusive and primary jurisdiction in the Board, it is a nullity where proprietary or ministerial actions are at issue since there is no immunity for such acts, and it thus cannot be waived. Consequently, "[t]o the extent that this statute attempts to transfer jurisdiction over non-immune agencies, officers and employees from the circuit court to the Board of Claims, it is unconstitutional." *Yanero*, 65 S.W.3d at 525.

So the pertinent question is "Where should a claim against a state agency or public official and employees be filed?"

An argument can be made that the Board of Claims, having been given exclusive and primary jurisdiction over such actors when they are acting in a discretionary manner, should have preferred jurisdiction to say whether it *has* jurisdiction or not. But this negates the fact that Section 112(5) of the Kentucky Constitution provides that "the Circuit Court shall have original jurisdiction of all justiciable causes not vested in some other *court*." (Emphasis added.) As this Court held in *Yanero*, "[t]he Board of Claims ... is *not a court*, for purposes of this section of the constitution," *id.* (emphasis added), although in some instances it is defined by a statute as a court in relation to the statute, *see* KRS 413.270.

Consequently, if a governmental agency is acting in a proprietary manner, or an official or public employee is acting negligently in the performance of a ministerial duty, then the action against such parties *must* commence in circuit court. On the other hand, arguably if a litigant believed the actions complained of were unquestionably governmental and discretionary, then the action could commence in the Board of Claims, because there would not be a justiciable question for a circuit court. But the litigant could find the Board in disagreement with his assessment of the claim, and

still have to seek recourse in circuit court. And the Board of Claims would have taken initial jurisdiction to determine the nature of the claim, which it would never have had, if it found the actions were not governmental.

In no case should the claim be filed in *both*, as it was here. This creates a redundancy, and wastes valuable judicial resources, not to mention complicating timing and procedural matters.

■■ Thus, the soundest course is to commence the action in circuit court. A court's authority to determine its jurisdiction is grounded directly in the constitution, rather than statute. And while the constitution does give the legislature the right to determine when and how the Commonwealth may be sued, it cannot act in derogation of other constitutional grants of authority. Settling jurisdictional questions in the circuit court first complies with the constitutional mandate, and the purpose of the Board of Claims Act to address only those claims that are otherwise barred by immunity.

And this is where KRS 413.270 has the most direct applicability. KRS 413.270(1) provides that if an action is commenced in due time and good faith in any court of this state, and the court determines it does not have jurisdiction, then the plaintiff has 90 days to commence a new action in the proper court. KRS 413.270(2) specifically provides that as used in this statute, "court" means "boards which are judicial or quasi-judicial tribunals authorized by the ... statutes of the Commonwealth of Kentucky." Unlike in Section 112(5) which allows justiciable causes to be brought only in the courts, this statute clearly allows the Board of Claims to be accessed after an action is dismissed in the circuit court for lack of jurisdiction. And while it may be argued that this would

apply to the circuit court if the Board of Claims determined it did not have jurisdiction, it cannot be said that the Board of Claims was ever a proper forum in the first instance for claims of proprietary or negligent ministerial actions. By beginning such claims in the circuit court rather than in the Board of Claims, there is no risk that the Board of Claims will exercise jurisdiction it does not have.

Thus the action filed in the Board of Claims in this case was a "nullity," as described in *Yanero*. Since these questions had been raised in the circuit court, the filing in the Board was premature. Until the circuit court determined whether the acts at issue were proprietary or governmental, the Board was not free to assume jurisdiction. The Board, rather than deciding the question of the timeliness of the action, should have dismissed it for lack of jurisdiction, or at least held it in abeyance until the resolution of the circuit court action. This disposition is sound, because it avoids the possibility of conflicting determinations between the Board of Claims and the circuit court, and a possible "race" to see which entity will rule first. This also avoids the problem of a circuit court declining to follow a Board of Claims decision until it makes its own ruling on the immunity question, which it is required to do.

As the facts in these two cases establish, in 2009 the circuit court did find that the Board of Education was entitled to governmental immunity, and granted summary judgment in the tort action. Where does that leave Mr. Forte going forward? Since this Court granted discretionary review of the Court of Appeals decision in the direct appeal, until this Court's decisions become final the statute of limitations remains tolled due to the savings statute. Once all matters are final in the direct appeal of the tort action, under KRS 403.270(1), Mr. Forte has 90 days to bring his claim in the proper forum.

Thus, to the extent that the Court of Appeals held that Mr. Forte's Board of Claims action was not barred by the statute of limitations, it is correct. This Court has concluded, however, that Mr. Forte's Board of Claims action was itself premature and a nullity, since the same cause of action, which presented questions of governmental immunity, was then properly pending before the circuit court. Thus, to the extent that the Court of Appeals allowed the present Board of Claims action to proceed, it is reversed and this matter is remanded with orders that the action be dismissed without prejudice. Mr. Forte will have to file a new action at the Board of Claims, though under KRS 403.270, he will have 90 days after finality of this appeal to do so.

## II. The Circuit Court Action: Case No.2010–SC–000149–DG

### A. Background

As was referenced in the discussion of the first case, Mr. Forte, Appellant in this action, filed a wrongful death tort action in Nelson Circuit Court for the loss of his wife, a teacher in the Nelson County Public Schools, when she was killed in an accident on the school grounds caused by a gate crashing into her car and hitting her in the head. During the pendency of this action, Mr. Forte also filed a claim with the Board of Claims, as discussed above. The Nelson Circuit Court reviewed the Board of Claims' dismissal of Mr. Forte's claims, and found that because of the savings statute, KRS 403.270, that Order should be set aside until the court made its ruling on the immunity issue, which it had not yet done.

After some further documentation in the record, the Nelson Circuit Court ruled in

the tort action that the Nelson County Board of Education was entitled to summary judgment on the immunity question, because its actions were governmental. After this ruling, Mr. Forte had two choices: refile in the Board of Claims, or appeal directly the circuit court's ruling. Most likely, Mr. Forte chose appeal because of the state of the facts and the uncertainty of whether he would be allowed to proceed at the Board of Claims.

When he filed the tort action, Mr. Forte named the Nelson County School District and the Nelson County Board of Education. (He also named other parties who are not of concern in this appeal.) In his notice of appeal, Mr. Forte named only the Nelson County School District. Before briefing, the Board of Education filed a motion to dismiss the appeal for failure to name a necessary party, namely the Board of Education. The Court of Appeals, in a one paragraph order, dismissed the appeal, citing its case *Slone v. Casey*, 194 S.W.3d 336 (Ky.App.2006), which in turn relied in part on CR 19.02 and this Court's decision in *City of Devondale v. Stallings*, 795 S.W.2d 954 (Ky.1990). Because of the intertwined nature of these two cases, we granted discretionary review to consider them together.

## B. Analysis

■ In his brief Mr. Forte argues that the rules regarding joinder of necessary parties, CR 19.01–.02, are not dispositive of this case because the Nelson County Board of Education is not truly indispensable. He points out that at the trial court, the school district and the Board of Education were represented by the same counsel and made the same arguments. Notice to one, he argues, is notice to the other.

Appellant is correct that the joinder rules are not dispositive of this case. Though the Court of Appeals in *Slone*

relied in part on CR 19.02, which allows a trial court to dismiss a claim for failure to join an indispensable party, the relevant rules on appeal are, by definition, those that govern appeals. This is why trial joinder rules are not mentioned in *Stallings*, upon which *Slone* relied. Instead, *Stallings* discusses the effect of CR 73.03, a rule of appellate civil procedure. Though the term "indispensable party" is still used, it has a slightly different meaning, since it depends not on whether a party was indispensable at the trial court but whether the party is indispensable in the appeal.

The question, then, is whether CR 73.03 required the dismissal of Mr. Forte's appeal. That rule requires that an appellant *shall* specify by name all appellants and all appellees, and further states in parentheses that "'et al.' and 'etc.' are not proper designation of parties." From that latter language one could gather that other parties are not included in the appeal unless specifically named.

This assumption was specifically addressed in *Braden v. Republic–Vanguard Life Ins. Co.*, 657 S.W.2d 241 (Ky.1983), by Justice Leibson writing for the Court. In that case, the trial court had ordered the joinder of Baldwin–United Mortgage Co. under CR 19.01. On appeal, the appellant did not name Baldwin–United, and instead named only Republic–Vanguard. The Court of Appeals dismissed the appeal for failure to name an indispensable party. On discretionary review, this Court found the proper question in deciding whether to dismiss the appeal was not whether the trial court properly held that a party was indispensable at the trial level, but whether the party actually *was* indispensable at the appellate court. The Court noted that failure to specify a party whose absence prevents the appellate court from granting relief among those who are parties to the

appeal would be fatal, but contrasted that with the reality of an appeal. Frequently, parties who were necessary at trial are not necessary on appeal. The question, then, is who is necessary to pursue the claim and who has a right to the proceeds. If a party's participation in the appeal is unnecessary to grant relief, and requiring its participation would force unnecessary expense on the party, then, the Court held, such a party is not indispensable. *Id.* at 244. When viewed in that light, CR 73.03 should be read as only referring to parties that are truly necessary to the appeal, and presents no bar to the appeal continuing if an unjoined party from below is not indispensable.

This might indicate that Mr. Forte's argument is correct, since he claims that any relief granted by the appellate courts against the Nelson County School District would also cover the Board of Education, meaning that the Board was not indispensable to the appeal. But this Court is not convinced that a claim against a school district alone is sufficient.

Assuming that a school district is even a suable entity, it cannot, under the present statutory scheme act alone. The school district is "under the management and control of [the] board of education." KRS 160.160(1); *see also Moore v. Babb,* 343 S.W.2d 373, 374 (Ky.1961) ("A county board of education is 'a body politic and corporate,' which may sue and be sued. It is vested with the duty and authority of administering the schools within its district. . . ."). The board has the power, among other things, to own property, make contracts, expend funds, and issue bonds, KRS 160.160, "general[ly] control and manage[ ] . . . the public schools in its district" and to establish schools, KRS 160.290(1); and to levy taxes for the district, KRS 160.460. KRS 160.160(1) reiterates that a board of education is "a body

politic and corporate" and may specifically "sue and be sued.".

This Court concludes that the board of education, as the administrative and quasi-legislative entity created specifically to run the school district and to sue and be sued, is the proper entity to sue. It is, therefore, a necessary and indispensable party on appeal. Any relief granted by an appellate court against a school district would necessarily be incomplete if it did not cover the board of education.

That this is the case is reflected in the fact that, with very few exceptions, appeals about schools have named a school board, or named a school district *and* the school board, since at least the 1940s. *See, e.g., Board of Educ. of Calloway County School Dist. v. Williams,* 930 S.W.2d 399 (Ky. 1996); *White v. Board of Educ. of Somerset Independent School Dist.,* 697 S.W.2d 161 (Ky.App.1985); *Cooper v. Board of Ed. of Somerset Independent School Dist.,* 587 S.W.2d 845 (Ky.App.1979); *Montague v. Board of Ed. of Ashland Independent School Dist.,* 402 S.W.2d 94 (Ky.1966); *Cummings v. Pendleton County Bd. of Ed.,* 305 S.W.2d 314 (Ky.1957); *Stith v. Board of Educ. of Pendleton County School District,* 293 Ky. 536, 169 S.W.2d 600 (1943).

Mr. Forte tries to evade the requirement of naming all necessary parties on appeal by reference to *Tri–County Nat. Bank v. GreenPoint Credit, LLC,* 190 S.W.3d 360 (Ky.App.2006), and *Cabinet for Human Resources v. Kentucky State Personnel Bd.,* 846 S.W.2d 711, 714 (Ky.App. 1992). In *Tri–County,* the Court of Appeals held that "the party who believes an indispensable party should be joined has the obligation of filing an appropriate motion or other pleading with the trial court in an attempt to join that party" in order to preserve the issue of necessary joinder for appellate review. *Id.* at 362. The

court ruled similarly in *Cabinet for Human Resources*. But those cases, even assuming that they are correct, applied the trial rules for joinder, not the civil rules applicable to appeals.

■■ In an appeal, the notice of appeal is the means by which an appellant invokes the appellate court's jurisdiction. *Stallings*, 795 S.W.2d at 957. Under the appellate civil rules, failure to name an indispensable party in the notice of appeal is "a jurisdictional defect that cannot be remedied." *Id.* Neither the doctrine of substantial compliance nor the amendment of the notice after time had run could save such a defective notice because the appellant "cannot ... retroactively create jurisdiction." *Id.*[1]

Simply put, the Court of Appeals decisions cited by Mr. Forte are not applicable. His citation to a federal case for the proposition that "[a] long-standing principle of federal law is that a plaintiff does not need to include all joint tortfeasors as defendants in a single lawsuit," *Nelligan ex rel. Estate of Proia v. Community General Hosp. of Sullivan County*, 240 F.R.D. 123, 125 (S.D.N.Y.2007), is similarly unpersuasive.

Consequently, the Court of Appeals did not err when it dismissed this "appeal," because the Nelson County Board of Education was an indispensable party in this case. Mr. Forte's notice of appeal was jurisdictionally defective.

## III. Conclusion

Because the Board of Claims did not have jurisdiction over the claim brought before it, and Mr. Forte's claim there was premature, the decision of the Court of Appeals in case number 2009–SC–000715–DG is reversed and this matter is remanded with orders to dismiss the claim without prejudice. Because the Court of Appeals properly dismissed the appeal of the summary judgment granted in favor of the Nelson County Board of Education and Nelson County School District, the summary judgment entered by the trial court stands, meaning the Nelson County Board of Education is entitled to governmental immunity which bars further proceedings in the tort action. Therefore, the decision of the Court of Appeals in case number 2010–SC–000149–DG is affirmed. However, because of the conclusion in the preceding case that the statute of limitations is tolled until the appeal in case number 2010–SC–000149–DG becomes final, Mr. Forte has 90 days from the date of finality of this opinion to bring his claim anew at the Board of Claims.

ABRAMSON, SCHRODER and VENTERS, JJ., concur. CUNNINGHAM and SCOTT, JJ., concur in result only. MINTON, C.J., concurs in the result reached by the majority, but continues to believe we should abandon the artificial and often hard-to-apply distinctions (such as ministerial vs. discretionary functions) traditionally employed in resolving sovereign immunity issues as expressed in his separate concurring opinion in *Caneyville Volunteer Fire Department v. Green's Motorcycle Salvage, Inc.*, 286 S.W.3d 790 (Ky.2009). Because these traditional distinctions remain the law in Kentucky, he believes the majority opinion properly applies our sov-

---

1. This does not conflict with our more recent precedent, *Lassiter v. American Exp. Travel Related Services Co., Inc.*, 308 S.W.3d 714, 718 (Ky.2010), which reiterated the rule that a substantially compliant notice of appeal is ordinarily sufficient to invoke the jurisdiction of the appellate courts. That long-standing rule, of course, is not absolute. As we noted in that case, *"except for tardy appeals and the naming of indispensible parties*, we follow a rule of substantial compliance in regards to notices of appeal." *Id.* (emphasis added).

ereign immunity precedent and reaches the correct result.