RENDERED:  SEPTEMBER 17, 2021; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2020-CA-1526-MR

JAMES A. FIELDER                                                          APPELLANT

APPEAL FROM MEADE CIRCUIT COURT
v.          HONORABLE BRUCE T. BUTLER, JUDGE
ACTION NO. 17-CR-00124

COMMONWEALTH OF KENTUCKY                                  APPELLEE

OPINION AND ORDER
DISMISSING

** ** ** ** **

BEFORE:  ACREE, COMBS, AND MAZE, JUDGES.

ACREE, JUDGE:  James A. Fielder appeals from the Meade Circuit Court's

October 29, 2020 order denying his motion to declare KRS[1] 439.340(11)

unconstitutional as applied to him.  Because he failed to name as an appellee the

Kentucky Department of Corrections (DOC), an indispensable party, this Court

lacks jurisdiction to conduct appellate review.

---

[1] Kentucky Revised Statutes.

## BACKGROUND

On September 11, 2017, a Meade County grand jury indicted Fielder on charges of first-degree sexual abuse of his granddaughter. He pleaded guilty.

Prior to sentencing, Fielder moved the circuit court to add the DOC as a party and the motion was granted on August 14, 2019. A month later, Fielder was sentenced to imprisonment for a term of five years.

After Fielder served twenty percent of his sentence and was thus parole eligible under 501 KAR[2] 1:030, he filed a motion in circuit court to declare KRS 439.340(11) unconstitutional as applied to him. KRS 439.340(11) says "[n]o eligible sexual offender . . . shall be granted parole unless he or she has successfully completed the Sexual Offender Treatment Program [(SOTP)]." He argued that the DOC had housed him at the Meade County Detention Center where completion of the SOTP could not be accomplished before his 501 KAR 1:030 parole eligibility.

After a hearing on Fielder's constitutional challenge, the circuit court concluded parole is not a fundamental right and that KRS 439.340(11) is rationally related to a legitimate government interest; thereby denying Fielder's request.

Fielder filed a timely notice of appeal; however, he did not name the DOC as a party.

---

[2] Kentucky Administrative Regulations.

## ANALYSIS

The DOC has "sole authority and responsibility for establishing[,]" and "shall operate[,]" the SOTP. KRS 197.420; KRS 197.400. The DOC is not subject to this Court's jurisdiction because Fielder did not name the DOC as an appellee. *Watkins v. Fannin*, 278 S.W.3d 637, 640 (Ky. App. 2009) ("Court has no jurisdiction relative to persons not named as parties to the appeal.").

This lack of *in personam* jurisdiction prevents the Court from granting the relief Fielder seeks – "an Order that he is immediately parole eligible" because DOC lodged him where he was unable to satisfy KRS 439.340(11). Such an order, necessarily, would be directed to the DOC. That makes the DOC an indispensable party. *Liquor Outlet, LLC v. Alcoholic Beverage Control Bd*., 141 S.W.3d 378, 387 (Ky. App. 2004) (citation omitted) ("An indispensable party is one whose absence prevents the Court from granting complete relief among those already parties."). The failure to join an indispensable party "is a jurisdictional defect that cannot be remedied." *Nelson County Bd. of Educ. v. Forte*, 337 S.W.3d 617, 626 (Ky. 2011) (citation omitted).

As the Supreme Court said, "Because we do not have *in personam* jurisdiction over the DOC, we are without authority to direct the agency to take any action relating to his parole eligibility status, regardless of the merits of Appellant's argument." *Reed v. Commonwealth*, No. 2013-SC-0707-MR, 2015

-3-

WL 2266260, at *2 (Ky. May 14, 2015). Under nearly identical facts, and presented with the same argument, we previously held just as we have here. *Quiggins v. Commonwealth*, No. 2018-CA-1738-MR, 2019 WL 3246482, *2 (Ky. App. Jul. 19, 2019) ("argument relates exclusively to the operation of the SOTP and the impact of administrative delays on his eligibility for parole, the DOC's control of the SOTP would be directly affected by the result of this appeal. . . . Therefore, a decision cannot be reached in its absence.").

## **CONCLUSION**

Based upon the foregoing, this appeal is hereby dismissed for failure to join an indispensable party to the appeal.

ALL CONCUR.


ENTERED:  09/17/2021          _____
                            JUDGE, COURT OF APPEALS

-4-

BRIEFS FOR APPELLANT:  BRIEF FOR APPELLEE:

Douglas E. Miller     Daniel Cameron
Radcliff, Kentucky     Attorney General of Kentucky
           Frankfort, Kentucky

           Kristin L. Conder
           Assistant Attorney General
           Frankfort, Kentucky