RENDERED:  JANUARY 30, 2026; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2024-CA-1500-MR

JUSTIN DAVIS                                                                                  APPELLANT


v.
APPEAL FROM BOYD CIRCUIT COURT
HONORABLE JOHN F. VINCENT, JUDGE
ACTION NO. 21-CR-00066


COMMONWEALTH OF KENTUCKY                                          APPELLEE

AND


NO. 2024-CA-1509-MR

JUSTIN DAVIS                                                                                  APPELLANT


v.
APPEAL FROM BOYD CIRCUIT COURT
HONORABLE JOHN F. VINCENT, JUDGE
ACTION NO. 21-CR-00316


COMMONWEALTH OF KENTUCKY                                          APPELLEE

## OPINION AND ORDER
## DISMISSING

** ** ** ** **

BEFORE:  COMBS, A. JONES, AND LAMBERT, JUDGES.

JONES, A., JUDGE:  Justin Davis appeals the Boyd Circuit Court's November 8, 2024, order denying his motion for 882 days of sentence credit for time he spent on electronic monitoring pending sentencing.  After careful review of the briefs, record, and law, we dismiss these consolidated appeals because Davis failed to name an indispensable party.

### I. BACKGROUND

Davis pleaded guilty to several counts of possession of a handgun by a convicted felon and to second-degree burglary.  After accepting Davis's plea, the circuit court granted his request for release on an ankle monitor with home confinement so that he could obtain medical treatment for a serious physical injury.  The order granting release stated that Davis's time on the ankle monitor would not count toward his sentence.  More than two years later, Davis was sentenced to seven years of incarceration.

Thereafter, Davis sought 882 days of sentence credit for his alleged pretrial home incarceration from the Department of Corrections ("DOC"), pursuant

to KRS[1] 532.120(3).  DOC concluded that Davis was not entitled to relief, citing the circuit court's release order.  Davis then, as required by KRS 532.120(9), filed the underlying motion.  DOC was neither named in the motion nor served with the filing.  The circuit court denied the motion, and this appeal timely followed.

## II. ANALYSIS

As an initial matter, we must determine if, as the Commonwealth asserts, Davis failed to include an indispensable party, DOC.

The Commonwealth states that, pursuant to KRS 532.120(3), DOC is the agency responsible for crediting time spent in custody before the commencement of a felony sentence.  The Commonwealth argues dismissal is therefore required because, as the Supreme Court of Kentucky stated in *Mason v. Commonwealth*, 331 S.W.3d 610, 629 (Ky. 2011), "it is beyond dispute that a court generally should not issue an opinion or judgment against an entity that is not a party to the action or is not otherwise properly before the court."   The Commonwealth further asserts that, when the necessary party is an agency or officer of the government, merely naming the Commonwealth is insufficient as a

---

[1] Kentucky Revised Statutes.

matter of law, citing *A.S.-H. v. Commonwealth*, No. 2019-CA-001097-ME, 2020 WL 598229, at *1 (Ky. App. Feb. 7, 2020) (unpublished).[2]

The Court addressed this exact issue in *Woods v. Commonwealth*, 599 S.W.3d 894 (Ky. App. 2020).  Like Davis, Woods filed a motion for sentence time credit pursuant to KRS 532.120 without naming DOC or serving the agency with the filing, and, after the motion was denied, he named only the Commonwealth in his notice of appeal.  *Id.* at 895.  The Court dismissed Woods's appeal for failure to name an indispensable party, pursuant to *Watkins v. Fannin*, 278 S.W.3d 637 (Ky. App. 2009).  *Woods*, 599 S.W.3d at 896.  Because the cases are indistinguishable, we agree with the Commonwealth that dismissal is required.

Davis does not dispute that DOC is indispensable.  Rather, he argues only that the necessity of correcting an illegal sentence overcomes any procedural bar.  Davis's defense is unavailing, because the failure to name an indispensable party is a jurisdictional defect that requires dismissal, not merely a procedural bar. *See Browning v. Preece*, 392 S.W.3d 388, 391 (Ky. 2013).[3]

---

[2]  Kentucky Rules of Appellate Procedure ("RAP") 41 permits parties to cite to unpublished cases, which are not binding, as persuasive authority if no published opinion of the Kentucky appellate courts adequately addresses the argued point of law.

[3]  As recognized by the Supreme Court of Kentucky in *Mahl v. Mahl*, 671 S.W.3d 140, 150-51 (Ky. 2023), the law regarding the naming of indispensable parties on appeal changed significantly since *Browning* with the adoption of the RAPs, effective January 1, 2023. Specifically, under RAP 2(A)(2), all parties who have not been dismissed from the proceedings below are automatically joined in the appeal.  This change cured the common source of indispensable party issues, that of an appellant failing to specifically name a party to the

### III. CONCLUSION

For the foregoing reasons, it is ORDERED that these appeals are dismissed.

ALL CONCUR.

ENTERED: ___01-30-2026___                    _____
                                                              HON. ALLISON E. JONES
                                                              JUDGE, COURT OF APPEALS


BRIEFS FOR APPELLANT:                    BRIEF FOR APPELLEE:

C. David Mussetter                                   Russell Coleman
Catlettsburg, Kentucky                            Attorney General of Kentucky

                                                              Christopher Henry
                                                              Assistant Attorney General
                                                              Frankfort, Kentucky

---

underlying action in the notice of appeal. *See Browning*; *Nelson Cnty. Bd. of Educ. v. Forte*, 337 S.W.3d 617, 626 (Ky. 2011); and *City of Devondale v. Stallings*, 795 S.W.2d 954, 957 (Ky. 1990). In the case at bar, however, the change is immaterial because DOC was not made a party in the action below to be automatically joined in this appeal.