**Linda DAVIS; and Charlene Kennon, Appellants,**

v.

**POWELL'S VALLEY WATER DISTRICT; Andy R. Snowden; Earl Adams; and John R. Stevenson, Appellees.**

**No. 94–CA–1065–MR.**

Court of Appeals of Kentucky.

Nov. 3, 1995.

Discretionary Review Denied and Case Ordered Published by Supreme Court April 17, 1996.

Benjamin J. Hays, Elizabeth M. Linville, Winchester, for Appellants.

John L. Cox, Jr., Stanton, Robert L. Treadway, Lexington, for Appellees.

Before GUDGEL, HUDDLESTON and JOHNSTONE, JJ.

GUDGEL, Judge.

This is an appeal from a judgment entered by the Powell Circuit Court in an action brought as a result of the termination of appellants' employment. Appellants contend that the trial court erred (1) by finding that the action is barred by limitations, (2) by finding that the action is barred by the doctrine of res judicata, and (3) by finding that appellee Powell's Valley Water District (Powell's Valley) is not a "political subdivision" of the commonwealth for purposes of that term as used in the "whistleblower" act, KRS 61.101–61.103. We agree with all of appellants' contentions. Hence, we reverse and remand.

Appellants were employed by Powell's Valley for several years until July 1991. Conflicting evidence was adduced below. However, in a nutshell appellants assert that their employment was terminated because they discovered and published information which, they believed, indicated that Powell's Valley and some of its employees participated in certain illegal activities.

This is actually the third action filed in regard to the underlying events, but the merits of the case have never been fully addressed. The first action, which appellants filed in the Powell Circuit Court, was voluntarily dismissed after the court denied appellants' motion seeking a temporary injunction and reinstatement to their employment.

Next, appellants filed a 42 U.S.C. § 1983 civil rights action in the United States District Court for the Eastern District of Kentucky, alleging that appellees violated their constitutional rights by wrongfully depriving them of their employment while acting under color of state law. They further asserted a pendent state claim based upon the Kentucky whistleblower act, KRS 61.101–61.103. As in the instant proceeding, the named defendants included Powell's Valley, its manager, and two of its commissioners. The federal district court found that the defendants were "not state actors, nor are their actions fairly attributable to the state." The court therefore dismissed the action for lack of subject matter jurisdiction.

Finally, appellants filed the instant action in the Powell Circuit Court seeking relief pursuant to the whistleblower statute, KRS 61.101–61.103. At the close of appellants' case, the court directed a verdict in favor of appellees, concluding that:

(a) Plaintiffs Davis and Kennon were at will employees of Powell's Valley, and as such, their employment could be terminated by Powell's Valley at any time, with or without cause;

(b) It is the finding of this Court that while Powell's Valley may be an instrumentality of the Commonwealth of Kentucky for certain limited purposes, it is not a political subdivision of the Commonwealth of such a type as to fall within the scope of KRS 61.101, et seq.:

(c) It is the finding and ruling of this Court that the Memorandum Opinion and Order dated April 14, 1992, in the related Federal Court action styled *Linda Davis and Charlene Kennon v. Powell's Valley Water District, Earl Adams, John R. Stevenson, and Andy R. Snowden,* United States District Court, Eastern District of Kentucky, Civil Action No. 91–428, which dismissed that action with prejudice, has the effect of res judicata as to this action, and therefore this action should be dismissed; and

(d) It appears to the Court that this action is barred by the statute of limitations contained in KRS 61.103(1), in that this action was initiated more than ninety (90) days after the dismissal of the related Federal Court action.

Although appellants did not dispute that they were at-will employees, they disagreed with the court's other three findings. This appeal followed.

First, appellants contend that the trial court erred by finding that their action is barred by limitations as having been "initiated more than ninety (90) days after the dismissal of the related Federal Court action." Appellees conceded at oral argument, and we agree, that appellants are correct in this contention.

Next, appellants contend that the trial court erred by finding that this action is

barred by the doctrine of res judicata. We agree.

In the first place, the doctrine of res judicata applies only to a final judgment which is rendered "upon the merits" of the underlying action. *Dennis v. Fiscal Court of Bullitt County*, Ky.App., 784 S.W.2d 608, 609 (1990); 46 Am.Jur.2d *Judgments* § 394 (1969). Both Fed.R.Civ.P. 41(b) and CR 41.02(3) indicate that an action's dismissal for lack of jurisdiction does not constitute "an adjudication upon the merits" of the action. Therefore, the earlier dismissal of appellants' federal court action for lack of subject matter jurisdiction did not constitute an adjudication upon the merits of that action, and res judicata did not attach to the issues raised therein or preclude appellants from raising the same issues in the instant action. Moreover, in any event appellees waived any such defense by failing to affirmatively plead estoppel or res judicata in their answer to the complaint. *See* CR 8.03.

Finally, appellants contend that the trial court also erred by finding that Powell's Valley is not a political subdivision of the commonwealth for purposes of that term as used in KRS 61.101–61.103. Again, we agree.

KRS 61.102(1) prohibits any reprisal by an "employer" against an employee who in good faith discloses "any facts or information relative to an actual or suspected violation of any law." For purposes of KRS 61.102, KRS 61.101(2) defines "employer" as including:

[T]he Commonwealth of Kentucky *or any of its political subdivisions*. Employer also includes any person authorized to act on behalf of the Commonwealth, or any of its political subdivisions, with respect to formulation of policy or the supervision, in a managerial capacity, of subordinate employees[.] (Emphasis added.)

Twice, our highest court has addressed the issue of whether water districts created pursuant to KRS Chapter 74 are political subdivisions. First, in a contract action the court specifically found that a water district constituted a political subdivision of the state. *Louisville Extension Water District v. Diehl Pump & Supply Co.*, Ky., 246 S.W.2d 585, 586 (1952). Subsequently, in a rate recovery action the court referred to water districts as "nonprofit political subdivisions of county government." *Public Service Commission of Kentucky v. Dewitt Water District*, Ky., 720 S.W.2d 725, 727 (1986).

Appellees argue, however, that *Diehl, supra*, and *Dewitt, supra*, should be limited to their facts and should not be applied here. They urge us to instead follow the lead of the Ninth Circuit Court of Appeals in *Gorenc v. Salt River Project Agricultural Improvement and Power District*, 869 F.2d 503 (9th Cir.1989), *cert. denied*, 493 U.S. 899, 110 S.Ct. 256, 107 L.Ed.2d 205 (1989), wherein the appellate court examined a statutorily-organized irrigation district which was designated by the Arizona state constitution as a political subdivision of the state. The court found that the irrigation district, which was owned and operated by private individuals, was "a governmental entity only for a limited purpose and the termination of [employee] Gorenc was a proprietary function, and purely private action." 869 F.2d at 504. Hence, the district's discharge of the employee did not constitute state action which entitled him to pursue a 42 U.S.C. § 1983 claim or a Fourteenth Amendment claim against the district.

We do not find appellees' argument to be persuasive. In the first place, apparently unlike the applicable statutes in *Gorenc*, KRS Chapter 74 specifies a multitude of ways in which water districts are controlled and regulated by the state. Moreover, KRS 74.010 permits a fiscal court to "create a water district in accordance with the provisions of KRS 65.810," which in turn establishes the method for creating a nontaxing special district. Then, the term "special district" is defined in KRS 65.005(1)(a) as including:

[A]ny agency, authority, or political subdivision of the state which exercises less than statewide jurisdiction and which is *organized for the purpose of performing governmental or other prescribed functions within limited boundaries*. It includes *all* political subdivisions of the state except a city, a county, or a school district.

(Emphasis added.)

Read together, these statutes plainly establish that a water district is a type of special district which constitutes a political subdivision of the commonwealth. It therefore follows that the trial court erred by finding that Powell's Valley is not a political subdivision of the commonwealth for purposes of the protections afforded by KRS 61.101–61.103.

For the reasons stated, the court's judgment is reversed and remanded for further proceedings consistent with the views expressed in this opinion.

All concur.