Edwin L. **CLEMMER;** and Mary A. Clemmer, Appellants,

v.

**ROWAN WATER, INC.,** Appellee.

No. 2007–CA–000355–MR.

Court of Appeals of Kentucky.

Jan. 23, 2009.

Oran S. McFarlan, III, Katherine K. Yunker, Lexington, KY, for Appellants.

John J. Ellis, Morehead, KY, for Appellee.

Before COMBS, Chief Judge; STUMBO, Judge; GUIDUGLI,[1] Senior Judge.

## OPINION

GUIDUGLI, Senior Judge.

The issue in this case is whether a federal court order dismissing the Clemmers' complaint for lack of jurisdiction precludes relitigation of the same claims in state court by virtue of res judicata. We find that it does not and reverse.

The Clemmers filed suit against Rowan Water in federal district court seeking damages for trespass, nuisance, and fraud. The federal court issued a memorandum, opinion, and order in which it found that the Clemmers' sole remedy for encroachment by a utility is reverse condemnation. The federal court also found that any possible damages would be well beneath the $75,000 requirement necessary to confer jurisdiction. Ultimately, the federal court dismissed the Clemmers' complaint without prejudice for lack of subject matter jurisdiction.

The Clemmers then filed a complaint in Rowan Circuit Court alleging the same claims as in the federal complaint. The trial court entered a partial summary judgment in favor of Rowan Water on the claims of trespass, nuisance, and fraud.

---

1. Senior Judge Daniel T. Guidugli sitting as Special Judge by assignment of the Chief Justice pursuant to Section 110(5)(b) of the Kentucky Constitution and KRS 21.580.

The basis of the summary judgment was the trial court's conclusion that these claims were barred by the doctrine of res judicata and that the only viable claim was for reverse condemnation. The Clemmers then appealed.

■■■ The Supreme Court of Kentucky explained the doctrine of res judicata as follows:

The rule of res judicata is an affirmative defense which operates to bar repetitious suits involving the same cause of action. The doctrine of res judicata is formed by two subparts: 1) claim preclusion and 2) issue preclusion. Claim preclusion bars a party from re-litigating a previously adjudicated cause of action and entirely bars a new lawsuit on the same cause of action. Issue preclusion bars the parties from relitigating any issue actually litigated and finally decided in an earlier action. The issues in the former and latter actions must be identical. The key inquiry in deciding whether the lawsuits concern the same controversy is whether they both arise from the same transactional nucleus of facts. If the two suits concern the same controversy, then the previous suit is deemed to have adjudicated every matter which was or could have been brought in support of the cause of action.

*Yeoman v. Com., Health Policy Bd.*, 983 S.W.2d 459, 464–65 (Ky.1998)(footnote and internal citations omitted). There are three requirements that must be satisfied in order for claim preclusion to bar subsequent litigation: (1) there must be identity of parties; (2) there must be identity of the causes of action; and (3) the action must have been resolved on the merits. *Id.* at 465.

■■■ We find that the doctrine of res judicata does not bar the Clemmers from asserting the same claims in state court because there was no adjudication on the merits in the federal action. It is settled that a dismissal for lack of subject matter jurisdiction does not constitute an adjudication on the merits. *Davis v. Powell's Valley Water Dist.*, 920 S.W.2d 75, 77 (Ky. App.1995).

For the foregoing reasons, the judgment of the Rowan Circuit Court is reversed and remanded for proceedings consistent with this opinion.

ALL CONCUR.