## NORTHERN KENTUCKY AREA PLANNING COMMISSION and Dennis A. Gordon, Appellant,

v.

## Russell CLOYD, Appellee.

### No. 2008–CA–001104–MR.

Court of Appeals of Kentucky.

Jan. 15, 2010.

Discretionary Review Denied by Supreme Court March 16, 2011.

---

Jason V. Reed, Covington, KY, for appellant.

Kenneth W. Scott, Florence, KY, for appellee.

Before ACREE and LAMBERT, Judges; HARRIS,[1] Senior Judge.

## OPINION

ACREE, Judge.

Appellants, Northern Kentucky Area Planning Commission (Commission) and Dennis Gordon appeal from two orders of the Kenton Circuit Court which combine to deny their motion for summary judgment in its entirety. We affirm in part and reverse in part.

The Commission advises its member cities and counties on matters of land-use planning, provides licensing and inspection services, and may enter into contracts and collect taxes. Appellee Russell Cloyd was employed by the Commission until 2004, when he was discharged after a series of disagreements with his supervisor, Deputy Director Dennis Gordon. Mr. Cloyd filed suit, alleging the discharge constituted a violation of Kentucky's Whistleblower Act, KRS 61.101–61.103; violation of two provisions of the state building code, KRS 198B.130 and KRS 198B.140; and the tort of public policy wrongful discharge.

The Commission and Gordon filed a motion for summary judgment, arguing the Commission was not an "employer" as defined by the Whistleblower Act.[2] Specifically, they assert that although the Commission is a "political subdivision," it is not a political subdivision "of the Commonwealth," and therefore it does not satisfy the statutory definition of an employer for purposes of the Whistleblower Act. The trial court disagreed with this position, denying the motion with respect to that

claim. The trial court also denied the Commission's and Gordon's motion for summary judgment with respect to the public policy exception to the "terminable-at-will" doctrine, finding that outstanding issues of fact remained on that matter. Finally, the trial court agreed with their contention that Cloyd's discharge could not constitute negligence *per se, i.e.,* violations of the state building code. Accordingly, the Commission's and Gordon's motion was granted in part and denied in part.

Following that ruling, the Commission and Gordon filed a renewed motion for summary judgment, in which they invoked the doctrine of governmental immunity to shield them from liability against the tort claims. In response, Cloyd argued the Commission and Gordon were not entitled to the protections of governmental immunity and requested the trial court to reconsider its dismissal of the claims pursuant to KRS Chapter 198B. On reconsideration, the trial court agreed with Cloyd and denied the motion for summary judgment in its entirety. This appeal followed.

The Commission and Gordon argue that the trial court erred by finding the Commission is a "political subdivision of the Commonwealth," or, alternatively, in denying the claim of governmental immunity. The standard of review of a trial court's denial of summary judgment is *de novo.* See, *Scifres v. Kraft,* 916 S.W.2d 779, 781 (Ky.App.1996).

KRS 61.101(2) provides in relevant part that for purposes of the Whistleblower Act, " 'Employer' means the Commonwealth of Kentucky or any of its political subdivisions." The Commission's enabling

---

1. Senior Judge William R. Harris sitting as Special Judge by assignment of the Chief Justice pursuant to Section 110(5)(b) of the Kentucky Constitution and Kentucky Revised Statute (KRS) 21.580.

2. By Agreed Order dated July 15, 2005, the parties stipulated that appellant Dennis Gordon was not an employer for purposes of the Whistleblower Act and that claims against him pursuant to that Act were dismissed with prejudice.

statute describes an area planning commission as "a political subdivision ... with power to sue and be sued, contract and be contracted with, incur liabilities and obligations, [and] levy an annual tax." KRS 147.660(1).

■ The Commission and Gordon argue that the statutory characterization of an area planning commission as a "political subdivision," but not as a "political subdivision *of the Commonwealth,*" is significant, and operates to exclude them from liability for claims under the Whistleblower Act. More precisely, the Commission describes itself not as a subdivision of the state, but of the cities and counties whose consent was necessary to create it. This argument is not persuasive.

■ It is the obligation of the Court to interpret statutes using the literal, plain meaning of their words, unless doing so "would lead to an absurd or wholly unreasonable conclusion." *Bailey v. Reeves,* 662 S.W.2d 832, 834 (Ky.1984). Furthermore, the Court's "main objective is to construe the statute in accordance with its plain language and in order to effectuate the legislative intent." *Id.; Cabinet for Families and Children v. Cummings,* 163 S.W.3d 425, 430 (Ky.2005), citing *Commonwealth v. Plowman,* 86 S.W.3d 47, 49 (Ky. 2002).

The Commission and Gordon assert that for a court to attach the phrase "of the Commonwealth" to the "political subdivision" created in KRS 147.660(1) would violate these fundamental principles of statutory construction. We disagree and find that the plain language of the statute supports such a reading. The Commission has identified no other form of political subdivision recognized by the legislature or the courts. Nor has the Commission referred this Court to any authority supporting that interpretation. Given the plain language of the statute, it is perhaps

most logical to conclude that "political subdivision" presumes a political subdivision "of the Commonwealth." Furthermore, even if an area planning commission were deemed a political subdivision of the local governments which created it, that fact would not preclude the Commission from also being a political subdivision of the Commonwealth. We believe it was the intent of the legislature to create area planning commissions as political subdivisions of the Commonwealth and to subject these commissions to the Whistleblower Act.

Additionally, area planning commissions are analogous to water districts in some important ways. Water districts have been simultaneously deemed "political subdivisions of the county" and political subdivisions of the Commonwealth. *See Davis v. Powell's Valley Water District,* 920 S.W.2d 75, 77 (Ky.App.1995), *and, Public Service Commission of Kentucky v. Dewitt Water District,* 720 S.W.2d 725, 727 (Ky. 1986).

The key to concluding that water districts constitute such subdivisions was that the enabling statutes created a governing apparatus in the form of a commission and designated the water districts as corporate bodies. *Louisville Extension Water District v. Diehl Pump & Supply Co.,* 246 S.W.2d 585, 586 (Ky.1952). The same is true of area planning commissions. KRS 147.630 and KRS 147.670 designate the membership of all area planning commissions and describe the commissions' powers and duties of governance, and KRS 147.660 establishes the corporate nature of the commissions.

The Commission is therefore a political subdivision of the Commonwealth. As such, it is subject to the Whistleblower Act because it is an employer for purposes of that Act.

■ The Commission and Gordon next argue that if the Commission is a political subdivision, then it is *ipso facto* entitled to governmental immunity from tort claims. The analysis of whether a body is protected by the doctrine of governmental immunity, however, is not that simple.

The Supreme Court, in *Yanero v. Davis,* 65 S.W.3d 510 (Ky.2001), clarified the definition and application of governmental immunity. Governmental immunity serves to "limit imposition of tort liability on a government agency." *Id.* citing 57 Am.Jur.2d, *Municipal, County, School and State Tort Liability,* § 10 (2001). Citing *Forrester v. White,* 484 U.S. 219, 108 S.Ct. 538, 98 L.Ed.2d 555 (1988), the *Yanero* Court explained that when there is no statutory or constitutional grant of immunity for an entity, a court must examine the functions of that entity and its officials and consider what effect exposure to liability would have upon the performance of those official functions. *Yanero,* 65 S.W.3d at 518.

A recent decision of the Kentucky Supreme Court sought to further clarify existing case law on this matter. In *Comair, Inc., v. Lexington–Fayette Urban County Airport Corp.,* 295 S.W.3d 91 (Ky.2009), the Supreme Court abandoned the two-pronged test used in *Kentucky Center for the Arts v. Berns,* 801 S.W.2d 327 (Ky. 1990), and directed the inquiry to two primary endeavors: examination of the subject entity's "parent" body and analysis of the function of the entity in question.

First, we will examine the parentage of planning commissions. While not dispositive of this matter, our holding that the Commission is a political subdivision of the Commonwealth is a significant factor in this determination. Although the consent of the member cities and counties was required to create the Commission, KRS 147.660(1) makes it clear the legislature intended to create a political subdivision of the Commonwealth, no matter the identity of the Commission's local "parents." Despite their origins in state legislature, however, planning commissions are created and controlled by local entities, namely, by their member cities and counties. Also, the member cities and counties do not decide whether to adopt a commission's recommendations as a group; that decision is left to the local governing unit (a city or a county) to which the commission is making a recommendation. Whether a commission is acting on behalf of a city or a county will vary from project to project. And so it is here.

This case presents curious circumstances to which to apply the holdings of *Comair* because, as the Supreme Court noted in that decision, "[c]ounties, which predate the existence of the state and are considered direct political subdivisions of it, enjoy the same immunity as the state itself," while, "[c]ities, as municipal corporations, ... are now liable for negligent acts outside the legislative and judicial realms." *Comair* at 94 (citations omitted).

Given the mixed nature of the "parent" bodies of area planning commissions, the nature of their functions is especially important in determining their claim to immunity. The Supreme Court in *Comair* instructs us to examine case law related to the entity in question for clues as to its status. *Id.* at 95. While no case directly confronts the immunity status of area planning commissions, one case is instructive on this matter. *City of Lakeside Park v. Quinn,* 672 S.W.2d 666 (Ky.1984), describes a planning commission as assisting in the legislative functions of its member entities. Commissions make recommendations to cities and counties in creating local zoning ordinances. This is important because even cities have immunity in performing legislative or quasi-legislative

functions. *Gas Service Co., Inc. v. City of London,* 687 S.W.2d 144, 148 (Ky.1985).

The Supreme Court in *Comair* also instructs us to examine the interests that are served in the execution of the entity's functions. *Comair* at 98. If an entity tends to do the work of a state, but on a local scale, that fact weighs in favor of immunity. If, on the other hand, an entity's business primarily addresses local concerns and interests, immunity is less likely. Here, not surprisingly, we find a mix of state and local interests. On one hand, a commission makes recommendations about whether a proposed zoning variance should be approved or denied, based on its compliance with state laws which govern how cities may develop. *See, e.g., AT & T Wireless PSC, Inc. v. City of Independence,* 63 S.W.3d 609 (Ky.App.2001). This indicates the state has some interest in certain zoning and planning decisions. Additionally, it is difficult to discern why the General Assembly would have gone to the trouble of granting to commissions certain statutory authority, identified the limits on that authority, and imposed specific responsibilities of planning commissions if a significant state interest was not involved.

However, as a practical matter, land use planning and zoning are primarily of local interest. Property owners, business owners, and residents have the most to gain or lose, in the way of property value or use and enjoyment of land, in zoning and planning decisions. To a substantial degree, land use planning is quintessentially the type of local concern that simply is not common to all citizens of the state. *See Comair* at 98–99.

Another of the Commission's functions is providing licensing and inspection of buildings in its member counties and cities. This is a public safety concern. While this function will likely serve to protect primar-

ily the local population, protecting the public safety is a concern of the Commonwealth and the source of the state's police power. *McCollum v. City of Berea,* 53 S.W.3d 106, 110 (Ky.App.2000). This function of the Commission weighs strongly in favor of granting governmental immunity.

On balance, we conclude that, despite protecting some local interests, area planning commissions are entitled to governmental immunity. Planning commissions operate under the authority of the state and with the consent of member counties. While commissions do serve cities, they assist in cities' legislative functions, an undertaking which grants cities limited governmental immunity. Finally, area planning commissions protect certain interests of the state, but also govern the development of local communities. Despite the hybrid nature of these entities, analysis of their parent entities and the functions they perform reveals they are entitled to governmental immunity.

■ Although the Commission and Gordon also assert Gordon is entitled to "governmental immunity," the liability exemption officials may enjoy by virtue of their roles as government employees is properly classified as "official immunity." *Yanero,* 65 S.W.3d at 522. When sued in his or her representative capacity, an official's immunity is coextensive with the immunity to which the state agency is entitled. *Id.* Therefore, official immunity applies only if the employing body has governmental immunity. Because the Commission has governmental immunity, then, Executive Director Gordon enjoys its protections as well.

In light of the foregoing, we conclude that the trial court properly denied the Commission's and Gordon's motion for summary judgment with respect to the Whistleblower Act claim, but not the claim

of governmental immunity for negligent acts. As a political subdivision of the Commonwealth, the Commission is an employer subject to the Whistleblower Act. The Commission is also entitled to governmental immunity because of its parent body and functions, and Director Gordon derives official immunity from his status with the Commission.

For all the foregoing reasons, the Kenton Circuit Court's order denying the Commission's and Gordon's motion for summary judgment is affirmed in part and reversed in part. The matter is remanded for further proceedings consistent with this opinion.

ALL CONCUR.