SOUTH WOODFORD WATER
DISTRICT, Appellant,

v.

John C. BYRD, Appellee.

No. 2009–CA–000854–MR.

Court of Appeals of Kentucky.

Sept. 23, 2011.

J. Dale Golden, Lauren Lea Crosby, Lexington, KY, for appellant.

No Brief for Appellee.

Before TAYLOR, Chief Judge; ACREE and COMBS, Judges.

## OPINION

ACREE, Judge:

South Woodford Water District appeals the Woodford Circuit Court's order denying its motion to dismiss John C. Byrd's negligence claim. The water district asserts that the circuit court erred when it rejected its claim of governmental immunity. We find that we have jurisdiction to review this interlocutory order and we further find that the water district is entitled to the protection of governmental immunity. Therefore, and for the following reasons, we reverse the circuit court's order with instructions to dismiss the case.

### Facts and procedure

In early 2008, John C. Byrd requested that the water district terminate service to his residential rental property in Woodford County because the residence was vacant. Soon afterward, and for approximately two months, Byrd's around-the-clock presence was required at his place of employment. It was not until April 1, 2008, that Byrd returned to the rental property and found it flooded. A water district employee had failed to turn off the water as Byrd requested, and the pipes froze in the cold of winter and burst, filling the home with many thousands of gallons of water. Byrd asserts this resulted in significant damage to the property.

Byrd filed suit in Woodford Circuit Court, naming the water district as the sole defendant, and alleging the water district had been negligent in failing to terminate water service as requested. The water district, believing it was entitled to immunity under multiple theories, filed a motion to dismiss for failure to state a claim upon which relief could be granted

pursuant to Kentucky Rules of Civil Procedure (CR) 12.02(f). The circuit court was not persuaded and denied the motion. This appeal followed.

### Standard of review

The standards which govern denial of a motion to dismiss, and those governing our review, have been repeated often. They are as follows:

> A motion to dismiss for failure to state a claim upon which relief may be granted admits as true the material facts of the complaint. So a court should not grant such a motion unless it appears the pleading party would not be entitled to relief under any set of facts which could be proved.... Accordingly, the pleadings should be liberally construed in the light most favorable to the plaintiff, all allegations being taken as true. This exacting standard of review eliminates any need by the trial court to make findings of fact; rather, the question is purely a matter of law. Stated another way, the court must ask if the facts alleged in the complaint can be proved, would the plaintiff be entitled to relief? Since a motion to dismiss for failure to state a claim upon which relief may be granted is a pure question of law, a reviewing court owes no deference to a trial court's determination; instead, an appellate court reviews the issue de novo.

*Fox v. Grayson*, 317 S.W.3d 1, 7 (Ky.2010), *reh'g denied* (Aug. 26, 2010) (citations and quotations omitted).

### Jurisdiction to review claim of governmental immunity

Typically, this Court lacks appellate jurisdiction over interlocutory orders of a circuit court, including orders denying a motion to dismiss. CR 54.01. Yet there are a number of exceptions to this general

rule. Our Supreme Court in *Breathitt County Board of Education v. Prater*, 292 S.W.3d 883, 886 (Ky.2009), offered a list of several exceptions before adding to it interlocutory orders denying a government agency's claim of immunity.

As stated in its opening sentence, the case before the Supreme Court in *Prater* presented the first "opportunity to address whether Kentucky's appellate courts have jurisdiction to consider an appeal from an interlocutory order denying a motion to dismiss or motion for summary judgment premised on the movant's claim of absolute immunity." *Id.* at 884. To answer this question, the Court turned to United States Supreme Court precedent of *Mitchell v. Forsyth*, 472 U.S. 511, 105 S.Ct. 2806, 86 L.Ed.2d 411 (1985), and *Nixon v. Fitzgerald*, 457 U.S. 731, 102 S.Ct. 2690, 73 L.Ed.2d 349 (1982).

*Mitchell* and *Nixon* applied the collateral order doctrine [1] articulated in *Cohen v. Beneficial Industrial Loan Corp.*, 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949), to interlocutory appeals of government officials claiming immunity, and held that "the denial of a substantial claim of absolute immunity is an order appealable before final judgment." *Prater*, 292 S.W.3d at 887 (quoting *Mitchell*, 472 U.S. at 525, 105 S.Ct. at 2815). *Prater* adapted the concepts of the collateral order doctrine to allow immediate appeal in that case of an order denying a claim of *government agen-cy* immunity [2] asserted by a board of education. The Court stated,

> [U]nlike other defenses, immunity is meant to shield its possessor not simply from liability but from the costs and burdens of litigation as well. An order denying a substantial claim of immunity is not meaningfully reviewable, therefore, at the close of litigation, and that fact leads us to conclude, as has the Supreme Court of the United States, that an interlocutory appeal is necessary in such cases notwithstanding the general rule limiting appellate jurisdiction to "final" judgments.

*Prater*, 292 S.W.3d at 888.

■ In sum, governmental immunity frees government entities named as defendants "from the burdens of defending the action, not merely ... from liability"—an entitlement that "cannot be vindicated following a final judgment for by then the party claiming immunity has already borne the costs and burdens of defending the action." *Prater*, 292 S.W.3d at 886 (internal quotation marks and citation omitted). For that reason, the collateral order doctrine, as articulated in *Cohen*, as applied in *Nixon* and *Mitchell*, and as adapted in *Prater*, justifies appellate review of interlocutory orders denying motions to dismiss and for summary judgment motions by which common law immunity is claimed.

---

1. The collateral order doctrine permits appellate courts to hear interlocutory appeals from "a small set of prejudgment orders that are 'collateral to' the merits of an action and 'too important' to be denied immediate review." *Mohawk Indus., Inc. v. Carpenter*, —— U.S. ——, 130 S.Ct. 599, 603, 175 L.Ed.2d 458 (2009) (quoting *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 546, 69 S.Ct. 1221, 1225–1226, 93 L.Ed. 1528 (1949)).

2. *Yanero v. Davis*, 65 S.W.3d 510 (Ky.2001), described "governmental immunity" as "the public policy, derived from the traditional doctrine of sovereign immunity, that limits imposition of tort liability on a government agency." *Id.* at 519 (quoting 57 Am.Jur.2d, *Municipal, County, School and State Tort Liability*, § 10 (2001)). Like absolute immunity, governmental immunity "is partially grounded in the separation of powers doctrine.... Thus, a state agency is entitled to immunity from tort liability to the extent that it is performing a governmental, as opposed to a proprietary, function." *Id.* (citations omitted).

### No jurisdiction to review defense of Claims Against Local Governments Act

◼ In addition to arguing governmental immunity, the water district urges us to reverse the circuit court's order based on the Claims Against Local Governments Act, Kentucky Revised Statutes (KRS) 65.200—65.2006. As we explain below, we have no jurisdiction to entertain that argument.

As previously indicated, governmental immunity frees the government agency from the burdens of litigation, not just liability. But the Claims Against Local Governments Act simply says "a local government shall not be *liable* for injuries or losses" except as provided by therein. KRS 65.2003 (emphasis added). As a statutory defense to liability only, its denial *can* be vindicated following a final judgment as with any other liability defense.

Consequently, to the extent it denied the water district's motion to dismiss on this ground, the circuit court's order remains interlocutory; it is not made reviewable by the collateral order doctrine or other jurisprudence. We have no jurisdiction to review the order to the extent of this claim.

### The claim must be dismissed based on governmental immunity

◼ As we turn to the merits of the appeal, we begin by noting that "[w]ater districts have been simultaneously deemed 'political subdivisions of the county' and political subdivisions of the Commonwealth." *Northern Kentucky Area Planning Com'n v. Cloyd*, 332 S.W.3d 91, 94 (Ky.App.2010), *disc. rev. denied* (March 16, 2011) (citing *Davis v. Powell's Valley Water District*, 920 S.W.2d 75, 77 (Ky.App. 1995); *Public Service Commission of Kentucky v. Dewitt Water District*, 720 S.W.2d

725, 727 (Ky.1986)). Therefore, a water district is a Kentucky governmental agency for purposes of our review.

◼ Because it is somewhat unusual, it is worth noting again that Byrd named only the water district as a defendant. "Unlike this case, the governmental entity is often one among many defendants named in an action." *Nelson County Bd. of Educ. v. Forte*, 337 S.W.3d 617, 621 (Ky.2011). When government *officials* are defendants as well as the governmental agency where they work, the reviewing court must apply two different analyses to determine if immunity exists. "[I]t has always been the case that the negligent performance of a ministerial act by an official or employee enjoys *no* immunity, and a governmental agency enjoys no immunity if it is performing a proprietary, rather than governmental, function." *Id.; see also Yanero v. Davis*, 65 S.W.3d at 519 ("[A] state agency is entitled to immunity from tort liability to the extent that it is performing a governmental, as opposed to a proprietary, function."). The Supreme Court was quick to warn that this proprietary/governmental function analysis "should not be confused with the discretionary/ministerial function analysis...." *Id.* at 519 fn. 4. Yet, it appears the circuit court did confuse these concepts.

The record shows that during the hearing on the water district's motion to dismiss, the court expressed its concern that the failure to terminate water service to Boyd's property was a ministerial act, thereby depriving the water district of its claim of immunity.[3] However, Byrd did not name as a defendant any government official, a circumstance under which the discretionary/ministerial function analysis is relevant. It is not relevant here.

---

**3.** The order itself simply denies the motion without comment.

In its brief to this Court, the water district argues, "Since Byrd's Complaint does not name any individual or employee of the South Woodford Water District as a Defendant to this proceeding, the Court should not consider whether the alleged conduct constitutes a ministerial or a discretionary act." We believe the water district is correct and that this statement is consistent with our Supreme Court's admonition not to confuse this analysis with the proper one to be applied to governmental agencies, the proprietary/governmental function analysis. "[T]he question is simply whether the [water district]'s provision of [water] is appropriately characterized as governmental or proprietary." *Prater*, 292 S.W.3d at 887. We conclude the water district was engaged in a governmental function.

"The Water District is a special district created by the W[oodford] County Fiscal Court pursuant to KRS Chapter 74 (Water Districts), in accordance with the procedures set forth in KRS 65.805–65.830 (creation of a nontaxing special district)." *Siding Sales, Inc. v. Warren County Water Dist.*, 984 S.W.2d 490, 493 (Ky.App. 1998). A "special district," such as the water district, "is organized for the purpose of performing *governmental or other prescribed functions* ...." KRS 65.005(1)(a) (emphasis added).

Furthermore, water districts provide clean water for personal consumption, recreation, and agricultural and commercial use, thereby providing for the health, safety, and welfare of Kentucky citizens. As one authority states,

> [B]ecause ... the supplying of water for consumption is directly related to the health, safety and welfare of the district's inhabitants, this act must be treated as a governmental rather than a proprietary function.

78 Am.Jur.2d *Waterworks and Water Companies* § 8 (2011).

The water district is a state agency engaged in a governmental function. It is thereby entitled to governmental immunity from a claim of damages resulting from a water district employee's failure to terminate water service.

Mr. Byrd, of course, is not left without recourse, nor has his decision to bring suit in circuit court been fatal to his claim. As our Supreme Court stated, "the soundest course [wa]s to commence the action in circuit court." *Forte*, 337 S.W.3d at 622.

> Where does that leave Mr. [Byrd] going forward? [U]ntil this Court's decision[ ] become[s] final the statute of limitations remains tolled due to the savings statute. [KRS 403.270(1) ].... Once all matters are final in the direct appeal of th[is] tort action, under KRS 403.270(1), Mr. [Byrd] has 90 days to bring his claim in the proper forum.

*Id.* at 623. Under the circumstances of this case, according to *Forte*, that proper forum is the Board of Claims. *Id.* at 626 ("Mr. [Byrd] has 90 days from the date of finality of this opinion to bring his claim anew at the Board of Claims.").

### *Conclusion*

Although interlocutory, the Woodford Circuit Court's Order is nevertheless reviewable, but only to the extent it denies South Woodford Water District's claim of common law governmental immunity; KRS 65.200–65.2006 does not authorize review of an interlocutory order. Because the water district is entitled to governmental immunity from the claim in this case, we reverse the circuit court's order with instructions to dismiss the claim.

TAYLOR, Chief Judge, Concurs.

COMBS, Judge, Dissents by Separate Opinion.

COMBS, Judge, dissenting:

Respectfully, I dissent.

I agree that we have jurisdiction to review this interlocutory order based on the fact that a claim of absolute immunity has been asserted. Indeed, it is now established law that a governmental agency or official be spared the burden and cost of litigation as well as be shielded from liability where immunity applies.

However, I file this dissent because I disagree that the water district is entitled to claim immunity from liability under the circumstances of this case. Its primary governmental function is to provide water. That was the very purpose of its creation as a special district.

However, as noted in some detail by the majority opinion, that immunity is not absolute and indeed does not exist when the governmental entity is performing a proprietary or ministerial function. I am persuaded that the failure of the water district to turn off water when duly requested was a ministerial act that bars the water district from the shield of immunity. At the very least, discovery should be permitted in order to determine facts that may establish or detract from the claim of immunity asserted.

Accordingly, I would affirm the order of the Woodford Circuit Court denying the motion to dismiss filed by the South Woodford Water District.