DIXON, JUDGE:
Appellant, Donald Steffan in his individual capacity as an employee of the Jefferson County Board of Education, appeals from an opinion and order of the Jefferson *389 Circuit Court denying his motion for summary judgment based on immunity under the Paul D. Coverdell Teacher Liability Protection Act of 2001, 20 U.S.C.A. §§ 6731 - 6738. We conclude that the trial court's order was interlocutory in nature and, as such, Appellant's appeal must be dismissed.
Appellant is an in-school security monitor at Farnsley Middle School, which is a part of the Jefferson County Public School system. On September 26, 2013, Appellant received a call for assistance from one of the school's substitute teachers, Mr. Garrison, who was teaching Appellee, Tevin Smyzer's, sixth-grade class that day. When Appellant entered the classroom, Mr. Garrison handed him a referral slip and asked that he take Appellee out of the classroom. Appellant walked to Appellee's desk and asked him to get up from his seat. Appellee complied and immediately began walking toward the door. Apparently, before Appellee reached the front of the classroom, Appellant asked Mr. Garrison to close the classroom door. Appellee later testified that he did not know why Appellant did so but that it made him mad and he began breathing heavily and clenching his fists. Appellant attempted to place Appellee's arms behind his back, but Appellee resisted and began swinging his arms out. At that point, Appellant asked Mr. Garrison to open the classroom door and, while moving Appellee toward the door, implemented a Safe Crisis Management ("SCM") maneuver designed to bring Appellee to the ground and under control. The procedure required Appellant to bump Appellee forward and then quickly pull him back so that he lost his balance. Both Appellant and Appellee ended up on the floor with Appellant restraining Appellee by holding his hands behind his back. Appellant placed his right knee behind Appellee's knee as he was pressed to the floor. Within minutes of the incident, Farnsley Assistant Principal, Donald Dillard, arrived and escorted Appellee to the office. Appellee subsequently claimed that he suffered injury to his knee as a result of being pressed to the floor during the SCM maneuver.
On September 26, 2014, Appellee filed an action in the Jefferson Circuit Court claiming that the Jefferson County Board of Education ("Board"), Superintendent Donna Hargens, Farnsley Principal Linda Hudson, and Appellant were liable for the injuries he sustained during the altercation. Specifically, Appellee alleged that the Board, Hargens and Hudson were negligent in failing to prevent his injuries. Further, Appellee alleged claims of negligent hiring, supervision, retention, and training against the same three defendants. With respect to Appellant, Appellee claimed that his actions amounted to an intentional infliction of emotional distress and that Appellant's attempt to restrain him constituted negligence per se because it violated provisions of KRS 161.180, as well as certain Jefferson County Public School's SCM procedures. Appellee's complaint sought compensatory and punitive damages against all defendants.
On September 10, 2015, the defendants filed a motion for summary judgment arguing that (1) the Board was entitled to governmental immunity; (2) Hargens and Hudson were entitled to qualified immunity; (3) Appellant was entitled to immunity under the Teacher Protection Act; and (4) Appellee failed to establish the prima facie elements of his negligence and intentional infliction of emotional distress claims. On July 13, 2016, the trial court entered an opinion and order granting in part, and denying in part, the motion for summary judgment. Therein, the trial court found that the Board was entitled to governmental immunity and that Hargens and Hudson were both entitled to qualified immunity *390 for their discretionary acts. The trial court also noted that both Hargens and Hudson were entitled to immunity under the Teacher Protection Act. With regard to Appellant, the trial court dismissed Appellee's claim of intentional infliction of emotional distress. However, the court denied summary judgment on the remaining negligence claim against Appellant, finding,
[T]he facts in the record indicate that a genuine issue of material fact exists concerning whether Steffan, without justification to do so, applied harmful force to remove [Smyzer] from the classroom, thereby committing the torts of assault and battery-both of which constitute violations of state and county laws and regulations that constitute ministerial acts not afforded immunity under Kentucky law. As potential violations of state and local laws and beyond the scope of Steffan's duties, the acts would also not be afforded immunity under federal law. See 20 U.S.C.A. § 7946(1) and (2). Likewise, since a genuine issue of material fact exists concerning whether Steffan's acts were appropriate under state and local law and regulations, his motion to dismiss the common law negligence and assault and battery claims against him are DENIED .
This appeal ensued.
Our standard of review on appeal of a summary judgment is "whether the trial court correctly found that there were no genuine issues as to any material fact and that the moving party was entitled to judgment as a matter of law." Scifres v. Kraft , 916 S.W.2d 779, 781 (Ky. App. 1996). Summary judgment shall be granted "if the pleadings, depositions, answers to interrogatories, stipulations, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." CR 56.03. The trial court must view the record "in a light most favorable to the party opposing the motion for summary judgment and all doubts are to be resolved in his favor." Steelvest v. Scansteel Service Center, Inc. , 807 S.W.2d 476, 480 (Ky. 1991). Summary judgment is proper only "where the movant shows that the adverse party could not prevail under any circumstances." Id.
In this Court, Appellant claims that the trial court erred in finding that he was not entitled to immunity under the Teacher Protection Act because Appellee neither proved that his actions amounted to a violation of federal, state, or local laws, nor that he was guilty of criminal misconduct, gross negligence, or reckless misconduct. Appellant contends that there is simply no evidence that he acted recklessly or with flagrant indifference to Appellee's safety. Appellant also argues that Appellee's negligence per se claims and punitive damage claims are barred by the Teacher Protection Act.
As a procedural matter, Appellee contends that this appeal must be dismissed because there has been no final judgment and Appellant is not entitled to an interlocutory appeal. After reviewing the applicable law, we must agree.
Generally, our appellate jurisdiction is restricted to final judgments. Absent an order determining all the rights of all the parties in an action or proceeding or having been made final by reciting the CR 54.02(1) language, an order is interlocutory and we are without jurisdiction to hear an appeal therefrom. Wilson v. Russell , 162 S.W.3d 911, 913-14 (Ky. 2005). See also Stice v. Leonard , 420 S.W.2d 672, 674 (Ky. 1967) (citing First Nat'l Bank of Mayfield v. Gardner , 330 S.W.2d 409 (Ky. 1959) ). Ordinarily, an appeal from the denial *391 of a motion for summary judgment would not be permitted because it is regarded as interlocutory. However, in Breathitt County Board of Education v. Prater , 292 S.W.3d 883 (Ky. 2009), the Kentucky Supreme Court recognized an exception to the general rule that a denial of a motion for summary judgment constitutes an interlocutory order when it held "that an order denying a substantial claim of absolute immunity is immediately appealable even in the absence of a final judgment." Id. at 887. The Prater Court noted:
As we observed recently in Rowan County v. Sloas , 201 S.W.3d 469 (Ky. 2006), immunity entitles its possessor to be free "from the burdens of defending the action, not merely ... from liability." Id. at 474. See also Lexington-Fayette Urban County Government v. Smolcic , 142 S.W.3d 128, 135 (Ky. 2004). ("Immunity from suit includes protection against the cost of trial and the burdens of broad-reaching discovery that are peculiarly disruptive of effective government.") (citation and internal quotation marks omitted). Obviously, such an entitlement cannot be vindicated following a final judgment for by then the party claiming immunity has already borne the costs and burdens of defending the action. For this reason, the United States Supreme Court has recognized in immunity cases an exception to the federal final judgment rule codified at 28 U.S.C. § 1291. In Mitchell v. Forsyth , 472 U.S. 511, 105 S.Ct. 2806, 86 L.Ed.2d 411 (1985), the Court reiterated its position that "the denial of a substantial claim of absolute immunity is an order appealable before final judgment." Id. at 525, 105 S.Ct. 2806, citing Nixon v. Fitzgerald , 457 U.S. 731, 102 S.Ct. 2690, 73 L.Ed.2d 349 (1982). We find the Supreme Court's reasoning persuasive, and thus agree with the Court of Appeals that an order denying a substantial claim of absolute immunity is immediately appealable even in the absence of a final judgment.
Id. at 886-87. Thus, while Prater makes it clear that the denial of immunity from suit may be immediately appealable, we are of the opinion that immunity from liability , as afforded by the Teacher Protection Act, is not.
Enacted in 2001 as part of the No Child Left Behind Act, the Paul D. Coverdell Teacher Liability Protection Act ("Teacher Protection Act") was enacted for the stated purpose of providing "teachers, principals, and other school professionals the tools they need to undertake reasonable actions to maintain order, discipline, and an appropriate educational environment." 20 U.S.C.A. § 7942. It applies to both public and private schools that receive federal education funding. 20 U.S.C.A. § 7943(4), § 7944. Relevant to this appeal, 20 U.S.C.A. § 7946(a) states in part,
[N]o teacher in a school shall be liable for harm caused by an act or omission of the teacher on behalf of the school if-
(1) the teacher was acting within the scope of the teacher's employment or responsibilities to a school or governmental entity;
(2) the actions of the teacher were carried out in conformity with Federal, State, and local laws (including rules and regulations) in furtherance of efforts to control, discipline, expel, or suspend a student or maintain order or control in the classroom or school;
(3) if appropriate or required, the teacher was properly licensed, certified, or authorized by the appropriate authorities for the activities or practice involved in the State in which the harm occurred, where *392 the activities were or practice was undertaken within the scope of the teacher's responsibilities;
(4) the harm was not caused by willful or criminal misconduct, gross negligence, reckless misconduct, or a conscious, flagrant indifference to the rights or safety of the individual harmed by the teacher[.]
"Teacher" is defined to include a teacher, instructor, principal, administrator, educational employee who works in a school, or individual school board member. 20 U.S.C.A. § 7943(6). Further, the Teacher Protection Act provides that its immunity provisions preempt any inconsistent state law except where a state law "provides additional protection from liability relating to teachers." 20 U.S.C.A. § 7945(a). However, a state may elect not to be governed by the Teacher Protection Act's provisions through enacting legislation. 20 U.S.C.A. § 7945(b).
The question herein is not whether Appellant is afforded immunity under the Teacher Protection Act, but rather whether he can appeal the trial court's determination that he is not. Recently, in our unpublished opinion in Walker v. Brock , 2014-CA-000868-MR (August 19, 2016),[2] a panel of this Court discussed the nature of the immunity afforded by the Teacher Protection Act:
The Teacher Protection Act affords a type of immunity to teachers. For appellate jurisdictional purposes, the question is what type of immunity is granted: Immunity from suit or merely immunity from liability. Under the Prater rule, only immunity from suit and, therefore, immunity from the burdens of litigation, warrants an exception to CR 54.01's finality rule.
In South Woodford Water Dist. v. Byrd , 352 S.W.3d 340, 343 (Ky. App. 2011), this Court held a water district's appeal of a denial of its defense under the Claims Against Local Governments Act, Kentucky Revised Statutes (KRS) 65.200 - 65.2006, was not immediately reviewable. This Court reached its conclusion based on the plain meaning of the statutory words.
"[G]overnmental immunity frees the government agency from the burdens of litigation, not just liability. But the Claims Against Local Governments Act simply says "a local government shall not be liable for injuries or losses" except as provided by therein. KRS 65.2003 (emphasis added). As a statutory defense to liability only, its denial can be vindicated following a final judgment as with any other liability defense.
Id.
Like the Claims Against Local Government Act, the Teacher Protection Act does not contain "an explicit statutory ... guarantee that a trial will not occur." Midland Asphalt Corp. , 489 U.S. at 801, 109 S.Ct. at 1499. The Teacher Protection Act states "no teacher in a school shall be liable for harm caused by an act or omission of the teacher on behalf of the school if" and then sets forth the requirements for its application. 20 U.S.C. § 7946(a) (emphasis added). We conclude that based on the plain statutory language, the Act provides an exemption from liability rather than immunity from suit. Because it is a statutory defense to liability only, "its denial can be vindicated following a final judgment as with any other liability defense."
*393 South Woodford Water Dist. , 352 S.W.3d at 343.
Slip opinion pg. 3.
Appellant urges this Court to disregard the Walker decision, pointing out that its rationale has been rejected by both state and federal courts construing the provisions of the Teacher Protection Act. See e.g. Dydell v. Taylor , 332 S.W.3d 848 (Mo. 2011) ; K.R. School District of Philadelphia , 2008 WL 2609810 (E.D. Penn. 2008). However, not only do both cases cited by Appellant pre-date our decision in Walker , neither addresses the issue presented herein, whether an interlocutory appeal from a denial of immunity under the Teacher Protection Act is authorized. Based on the same reasoning set forth in Walker , we conclude that Appellant's appeal is premature and should be dismissed. Appellant's denial of immunity under the Teacher Protection Act "can be vindicated following a final judgment as with any other liability defense."
For the reasons set forth herein, the appeal in this matter is dismissed.
ALL CONCUR.

2016 WL 4410706. Discretionary review denied on February 9, 2017.