RENDERED: MARCH 15, 2024; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2023-CA-0623-MR

SKYLER GHENT, BY
HIS NEXT FRIEND AND
PARENT, JESSICA COLLINS                                     APPELLANT


APPEAL FROM CLAY CIRCUIT COURT
v.               HONORABLE OSCAR G. HOUSE, JUDGE
ACTION NO. 2023-CI-00027


CLAY COUNTY BOARD
OF EDUCATION; WILLIAM
SEXTON, IN HIS INDIVIDUAL
CAPACITY AND HIS OFFICIAL CAPACITY
AS SUPERINTENDENT
AND/OR EMPLOYEE OF THE
CLAY COUNTY BOARD OF
EDUCATION/THE CLAY COUNTY
PUBLIC SCHOOLS; STEVEN
BIRCHFIELD, IN HIS INDIVIDUAL
CAPACITY AND IN HIS OFFICIAL
CAPACITY AS PRINCIPAL AND/
OR EMPLOYEE OF THE CLAY
COUNTY MIDDLE SCHOOL AND/
OR THE CLAY COUNTY BOARD
OF EDUCATION/THE CLAY
COUNTY PUBLIC SCHOOLS;
JIMMY DEZARN, IN HIS
INDIVIDUAL CAPACITY AND

IN HIS OFFICIAL CAPACITY AS
ASSISTANT PRINCIPAL AND/OR
EMPLOYEE OF THE CLAY COUNTY
MIDDLE SCHOOL AND/OR THE
CLAY COUNTY BOARD OF
EDUCATION /CLAY COUNTY
PUBLIC SCHOOLS; AND UNKNOWN
ADMINISTRATORS/STAFF/
TEACHERS/AIDES WORKING AT
CLAY COUNTY MIDDLE SCHOOL
AND/OR FOR THE CLAY COUNTY
BOARD OF EDUCATION ON OR
ABOUT FEBRUARY 16, 2022, IN
THEIR INDIVIDUAL CAPACITY
IN THEIR OFFICIAL CAPACITY
AS AN EMPLOYEE OF THE CLAY
COUNTY MIDDLE SCHOOL AND/
OR THE CLAY COUNTY BOARD
OF EDUCATION/THE CLAY COUNTY
PUBLIC SCHOOLS                                                        APPELLEES


OPINION AND ORDER
DISMISSING

** ** ** ** **

BEFORE:  EASTON, KAREM, AND TAYLOR, JUDGES.

KAREM, JUDGE:  Skyler Ghent, by his next friend and parent, Jessica Collins

("Ghent"), appeals from an order of the Clay Circuit Court dismissing his

complaint against the Clay County Board of Education, its Superintendent, and the

Principal and Assistant Principal of Clay County Middle School.  Because the

order is interlocutory, this appeal must be dismissed for lack of jurisdiction.

-2-

According to the allegations of the complaint, Ghent was a special needs student at the Clay County Middle School. As such, he was subject to individual monitoring, educational services, and collaborative planning. On February 16, 2022, a student named T.S. physically assaulted Ghent as they exited the school cafeteria. The complaint states that "[t]he Clay County Middle School ostensibly employs a surveillance/camera system. This surveillance/camera system ostensibly captured the assault in question. Administrators, staff, teachers, and/or aides failed to monitor this surveillance/camera system . . . [and] [a]s a result of the conduct detailed above, Skyler Ghent suffered permanent and severe physical, mental, and emotional injuries."

The complaint named as defendants the Clay County Board of Education; the Superintendent, William Sexton, in his individual capacity and his official capacity; the Principal of the Clay County Middle School, Steven Burchfield,[1] in his individual capacity and his official capacity; the Assistant Principal, Jimmy Dezarn, in his individual capacity and his official capacity; and unknown administrators/staff/teachers/aides working at the Middle School or for the Board of Education at the time of the incident, in their individual and official capacities.

---

[1] The appellant spelled the name "Birchfield" in his complaint and in subsequent filings. The appellee corrected the spelling to Burchfield and that is the spelling we have adopted in this Opinion.

The complaint contained the following counts: (1) common law negligence; (2) violation of a special relationship created by Kentucky Revised Statutes (KRS) 159.010, which mandates compulsory school attendance for minors; (3) violation of the safe school mandate/policies contained in KRS 158.440(1); (4) violation of Restatement (Second) of Torts § 314A; (5) violation of §§ 1, 2 and 3 of the Kentucky Constitution; and (6) negligent hiring, training, supervision, and retention.

On March 27, 2023, Principal Burchfield, and Assistant Principal Dezarn, in their individual and official capacities, filed an answer and notice that they had served their first set of interrogatories and request for the production of documents on Ghent.

On April 5, 2023, the Board of Education and Superintendent Sexton, in his individual and official capacity, filed a motion to dismiss pursuant to Kentucky Rules of Civil Procedure (CR) 12.02(f). On April 24, 2023, Principal Burchfield, and Assistant Principal Dezarn, in their individual and official capacities, also filed a motion to dismiss.

On April 27, 2023, Ghent filed notice that the plaintiff had served the answers to the interrogatories and responses to the requests for the production of documents.

On May 3, 2023, Ghent filed a response to the motions to dismiss. On the same day, the Board of Education and Superintendent Sexton filed a reply.

The trial court held a hearing on the following day, May 4, 2023, at the conclusion of which it granted the motions to dismiss. On May 12, 2023, it entered a written order of dismissal, ruling that the Board of Education was entitled to governmental immunity as to all claims asserted against it; that Superintendent Sexton, Principal Burchfield, and Assistant Principal Dezarn were entitled to governmental immunity as to all claims asserted against them in their official capacities; and that Superintendent Sexton, Principal Burchfield and Assistant Principal Dezarn were entitled to qualified immunity as to all claims asserted against them in their individual capacities. The trial court also dismissed the specific claims in the complaint alleging violations of the Kentucky Constitution; all claims asserted under KRS 159.010 or KRS 158.440(1)-(2); and all claims brought pursuant to Restatement (Second) of Torts § 314A.

The order concludes by stating that the "motions of the Board of Education and William Sexton in his individual and official capacity and Steven Burchfield and Jimmy Dezarn in their individual and official capacities are hereby GRANTED." It further states that "[t]he claims of the Plaintiff against Clay County Board of Education, William Sexton in his official and individual capacity, and Jimmy Dezarn in his official and individual capacity are hereby DISMISSED,

with prejudice, each party to bear their own costs." The order concludes with the statement that "[t]his order is final and appealable."

The order makes no mention of the "unknown administrators/staff/ teachers/aides working at the Middle School or for the Board of Education," designated as defendants in the complaint. The record before us is silent as to any attempts to identify, serve, or dispose of the claims against these unknown defendants.

"Generally, our appellate jurisdiction is restricted to final judgments." *Steffan v. Smyzer by and through Rankins*, 540 S.W.3d 387, 390 (Ky. App. 2018). Although the parties did not raise the issue of jurisdiction in their briefs, "we are the guardians of our jurisdiction and thus are obligated to raise a jurisdictional issue *sua sponte* if the underlying order appears to lack finality." *Padgett v. Steinbrecher*, 355 S.W.3d 457, 459-60 (Ky. App. 2011).

"A final or appealable judgment" is defined as "a final order adjudicating all the rights of all the parties in an action or proceeding[.]" CR 54.01. The final order in this case is interlocutory because it does not adjudicate all the rights of all the parties. An interlocutory judgment may nonetheless be made final and appealable under CR 54.02, which states in relevant part

> When more than one claim for relief is presented in an
> action . . . or when multiple parties are involved, the
> court may grant a final judgment upon one or more but
> less than all of the claims or parties only upon a

-6-

determination that there is no just reason for delay. The judgment shall recite such determination and shall recite that the judgment is final. In the absence of such recital, any order or other form of decision, however designated, which adjudicates less than all the claims or the rights and liabilities of less than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is interlocutory[.]

CR 54.02(1); CR 54.01.

Thus, "an interlocutory order may only be made final and appealable if the order includes both recitations – (1) that there is no just cause for delay, and (2) the decision is final. Strict compliance with the rule is required." *Vorherr v. Coldiron*, 525 S.W.3d 532, 540 (Ky. App. 2017) (citation omitted). "A trial court's failure to conclude both recitations in a judgment renders it interlocutory and nonappealable." *Id.* The trial court's order in this case does not include the recitation that "there is no just reason for delay." Consequently, we have no alternative but to dismiss this appeal for lack of jurisdiction.

For the foregoing reasons, this appeal is hereby DISMISSED.

ENTERED: March 15, 2024_____  _____
                                                          JUDGE, COURT OF APPEALS

ALL CONCUR.

-7-

BRIEF FOR APPELLANT:

Wm. Jacob Roberts
Manchester, Kentucky

Dr. Kenneth J. Henry
Louisville, Kentucky

BRIEF FOR APPELLEES CLAY
COUNTY BOARD OF EDUCATION
AND WILLIAM SEXTON:

Elizabeth Deener
Lexington, Kentucky

BRIEF FOR APPELLEES STEVEN
BURCHFIELD AND JIMMY
DEZARN:

Melissa Thompson Richardson
Thomas Wright
Lexington, Kentucky