RENDERED: OCTOBER 24, 2025; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2024-CA-0957-MR

TAMMY BROCK AND ALEXUS
BROCK, BY HER MOTHER AND
NEXT OF FRIEND, TAMMY BROCK                                                   APPELLANTS


                            APPEAL FROM CLARK CIRCUIT COURT
v.                          HONORABLE KRISTIN CLOUSE, JUDGE
                            ACTION NO. 18-CI-00287


ROBERT JACKSON; ASHLEY
BROCK; AUTO-OWNERS
INSURANCE COMPANY; JAMIE
BROCK; JOHN DOE; AND
LANDSCAPE SERVICES INC.                                                        APPELLEES


                            OPINION AND ORDER
                            DISMISSING

                            ** ** ** ** **

BEFORE: CALDWELL, ECKERLE, AND MCNEILL, JUDGES.

MCNEILL, JUDGE: This is an automobile insurance case arising from the death

of Ora Lee Brock (Decedent). The underlying incident occurred during the early

morning hours of May 25, 2018. Decedent was riding in a truck driven by Robert

Jackson (Jackson), who was employed by Landscape Services Inc. The incident

occurred when Jackson stopped the vehicle partially off the interstate highway. Decedent was struck by a semi-truck after being instructed by Jackson to check on a trailer they were hauling.

The driver of the semi-truck was never identified. Appellants are Decedent's family members who filed a suit in Clark County Circuit Court. They claimed wrongful death and loss of consortium (LOC). Landscape Services Inc. was granted summary judgment as Jackson was determined to be an independent contractor. Summary judgment was also granted in favor of Appellant, Auto-Owners Insurance Company, based on its policy exclusions. The only remaining insurance coverage available was Jackson's personal auto insurance policy. It has a $100,000.00 claims limit per person, and $300,000.00 per occurrence. Appellants entered a settlement agreement for $100,000.00 in consideration of releasing their claims against Jackson.

The circuit court held a hearing on the distribution of settlement proceeds. It concluded that because the insurance policy proceeds were insufficient to cover both claims, the LOC claims were subsumed into the wrongful death claim. Ultimately, the court ordered the settlement proceeds to be divided according to KRS[1] 411.130(2)(b), with half going to Tammy Brock and the other half to Decedent's children. The parties style this as a summary judgment.

---

[1] Kentucky Revised Statutes.

## STANDARD OF REVIEW

"Because summary judgment involves only legal questions and the existence of any disputed material issues of fact, an appellate court need not defer to the trial court's decision and will review the issue *de novo*." *Lewis v. B&R Corp.*, 56 S.W.3d 432, 436 (Ky. App. 2001) (citation omitted). With this standard in mind, we return to the purely legal question at issue here.

## ANALYSIS

The circuit court relied primarily on *Johnson v. Basil as Next Friend of Johnson*, 584 S.W.3d 777 (Ky. App. 2019). *Johnson* held that when insurance proceeds are shown to be insufficient "the claims of loss of consortium are merely an item of damage recoverable for the wrongful death . . . . Consequently, all recoverable damages must be distributed in accord with the requirements of KRS 411.130." *Id*. at 783. *Johnson* has been cited by four cases since its rendition. It has been most recently applied by this Court in *Thomas v. Townsend*, No. 2024-CA-1047-MR, 2025 WL 2485476, at *3 (Ky. App. Aug. 29, 2025).[2]

Appellants argue, *inter alia*, that *Johnson*'s holding is limited to cases where the wrongful death claimants and the LOC are the same and, in the alternative, that it should be overruled. They also cite *Daley v. Reed*, 87 S.W.3d

---

[2] We cite this case only to demonstrate its application of *Johnson*. *See* Kentucky Rule of Appellate Procedure 41(A)(3) and (A)(4).

-3-

248-49 (Ky. 2002) (observing that "virtually every jurisdiction that has addressed this issue has concluded that loss of consortium is not a separate 'bodily injury' but is derivative of the injured party's bodily injury claim[.]") (citations omitted). We need not address the merits of the present case further.

The order from which Appellants appeal does not comport with CR[3] 54.02. More precisely, while the order states that it is "FINAL AND APPEALABLE[,]" it omits that there is no just cause for delay. A panel of this Court has elaborated on a similar issue as follows:

> A final and appealable judgment is one that adjudicates all rights of all the parties or is made final under CR 54.02. *See* CR 54.01. In an action involving multiple claims and/or multiple parties, CR 54.02 permits the trial court to make an otherwise interlocutory order final and appealable in certain circumstances. However, under CR 54.02, an interlocutory order may only be made final and appealable if the order includes both recitations—(1) that there is no just cause for delay, and (2) the decision is final. Strict compliance with the rule is required. *Peters v. Board of Education*, 378 S.W.2d 638, 639 (Ky. 1964). A trial court's failure to conclude both recitations in a judgment renders it interlocutory and nonappealable. *See Turner Construction Co. v. Smith Brothers, Inc.*, 295 S.W.2d 569 (Ky. 1956). *See also Watson v. Best Financial Services, Inc.*, 245 S.W.3d 722 (Ky. 2008).

*Vorherr v. Coldiron*, 525 S.W.3d 532, 540 (Ky. App. 2017). Another recent unpublished case also demonstrates how we have dealt with these types of issues:

---

[3] Kentucky Rules of Civil Procedure.

-4-

Generally, our appellate jurisdiction is restricted to final judgments." *Steffan v. Smyzer by and through Rankins*, 540 S.W.3d 387, 390 (Ky. App. 2018). Although the parties did not raise the issue of jurisdiction in their briefs, "we are the guardians of our jurisdiction and thus are obligated to raise a jurisdictional issue *sua sponte* if the underlying order appears to lack finality." *Padgett v. Steinbrecher*, 355 S.W.3d 457, 459-60 (Ky. App. 2011).

*Ghent by Next Friend Collins v. Clay Cnty. Bd. of Educ.*, No. 2023-CA-0623-MR, 2024 WL 1121879, at *2 (Ky. App. Mar. 15, 2024). The Court in *Ghent* further elaborated that "[t]he trial court's order in this case does not include the recitation that 'there is no just reason for delay.'" *Id*. at *3. "Consequently, we have no alternative but to dismiss this appeal for lack of jurisdiction." *Id*. For the foregoing reasons, the present appeal is hereby DISMISSED.

ALL CONCUR.

ENTERED: ___10-24-2025___     _____
                                                     JUDGE, COURT OF APPEALS

BRIEFS FOR APPELLANT:

Matthew S. Goeing
M. Stanley Goeing
Lexington, Kentucky

BRIEF FOR APPELLEES JAMIE
BROCK AND ASHLEY BROCK:

Kenneth C. Human
Joshua D. Hicks
Greg F. Funfsinn
Lexington, Kentucky